Broomhead *vs.* Chisolm.

---

B. H. BROOMHEAD, plaintiff in error, *vs.* J. H. CHISOLM, defendant in error.

1. Where the Judge of the City Court of Atlanta sentences a prisoner to pay a fine, or to four months in the chain-gang, and a writ of *habeas corpus* is sued out before him, after the prisoner is placed on the chain-gang, in conformity to the sentence, to inquire into the legality of the detention, and the prisoner is brought before him by the person detaining him, the Judge of the City Court has jurisdiction of the case, notwithstanding the prisoner was held in custody without the city limits, and only brought within the city in response to the writ..

2. The Judge before whom a prisoner is convicted, in passing an alternative sentence of fine or imprisonment, should fix some reasonable time within which the fine must be paid. If he fail to do so, the convict has at least a reasonable time within which to pay the fine. Where the imprisonment is for four months from the 12th of March, and the fine of $50 00 is paid on the 2d of April, the time is not unreasonable.

3. On the hearing of such a case, the official receipt of the clerk of the convicting Court, acknowledging the payment of the fine and costs, was proper evidence to be considered by the Judge, and if not rebutted, entitled the prisoner to his discharge.

4. The contract between the Ordinary and the respondent for the hire of the convict was irrelevant and properly rejected,

5. The refusal of the Judge to grant an order of *supersedeas* before a bill of exceptions was tendered to him, was proper.

6. Any person may petition a Judge for the writ of *habeas corpus* in behalf of a person alleged to be illegally detained in custody. .

*Habeas corpus.* Jurisdiction. Sentence. Evidence. *Supersedeas.* Before Judge COWART, of the City Court of Atlanta. At Chambers. April 5th, 1872.

John H. Chisolm petitioned for the writ of *habeas corpus*, alleging that Robert Cobb, a person of color, is unlawfully restrained of his liberty by B. H. Broomhead, and is confined in what is known as a "chain-gang," working from place to place in the city of Atlanta, and county of Fulton; prayer, that said B. H. Broomhead be commanded to bring said Robert Cobb before the Judge of the City Court, with the causes of his arrest and detention.

The answer of B. H. Broomhead was substantially as follows, to-wit: Respondent denies that he has the custody of Robert Cobb in the city of Atlanta, except for the purpose of producing him in obedience to the writ of *habeas corpus*, and denies that he has, in any way, illegally restrained him of his liberty in said city, and denies the jurisdiction of the Judge of the City Court, and desires this portion of his answer to be considered as a plea to the jurisdiction. Respondent further says that John H. Chisolm has no interest in the person of said Cobb, and does not show, by his petition, any legal authority for suing out said writ. Respondent says, that on March 12th, last, said Cobb was convicted before the City Court of Atlanta of misdemeanor, and was sentenced to pay a fine of $50 00, or to work four months in the chain-gang, commencing from March 12th, 1872; that in accordance with said sentence, said Cobb was—under section 4716 of the Code of Georgia—turned over to the Ordinary of Fulton county, and by said Ordinary was turned over to Alexander & Broomhead, of which firm respondent is a member, under a contract made with said Ordinary, and that Alexander & Broomhead now legally have the custody of said Cobb; that at the time the writ of *habeas corpus* was served, Alexander & Broom-

head had said Cobb at work in Fulton county, outside of the city limits of Atlanta; prays that the writ may be dismissed.

The plea to the jurisdiction was overruled by the Court, and respondent excepted.

Respondent moved to dismiss the writ of *habeas corpus* on the ground that petitioner did not show any interest in the person of said Cobb. The motion was overruled by the Court and respondent excepted.

The petitioner then introduced in evidence an order, dated April 2d, 1872, signed by the clerk of the City Court, directed to Alexander and Broomhead, instructing them to turn over to petitioner, Robert Cobb, as he had paid his fine and the costs of the prosecution.

Respondent objected to the admission of said order. The objection was overruled by the Court and respondent excepted

Respondent tendered in evidence the contract between the Ordinary of Fulton county and said Alexander & Broomhead under which the latter held said Robert Cobb in custody.

Petitioner objected, the objection was sustained and respondent excepted.

The Court discharged the prisoner and respondent excepted.

Respondent moved the Court to order a *supersedeas* in said cause. The motion was overruled and respondent excepted.

Respondent assigns each and every one of the aforesaid rulings as error.

L. E. BLECKLEY; HILL & CANDLER, for plaintiff in error.

No appearance for defendant.

MONTGOMERY, Judge.

1. Every Judge whose duty it is to grant the writ of *habeas corpus*, must do so when "any person shall apply for" it: Code, 3955. The Judge of the City Court of Atlanta, then, was obliged to grant the writ. The respondent before answering it brought the person held in custody within the city limits,

but claimed in his answer that he only brought him in, in response to the writ, and therefore, the Judge had no jurisdiction. What might have been the decision had the respondent declined to bring the prisoner within the city, we do not say. Having brought him before the Judge in obedience to the writ, we are not disposed to scan too critically the mode in which he got there, but hold that being there, the Judge had authority to pass such order as the nature of the case required.

2. We think the better practice when an alternative sentence of fine or imprisonment is passed, is for the Judge who sentences, to fix some reasonable time within which the prisoner may pay the fine. If that is not done, as in this case it was not, the prisoner is entitled to a reasonable time within which to pay the fine. Under the facts in this case, we think the fine was tendered and paid within a reasonable time. Its acceptance, at all events by the officer whose duty it was to receive it, entitled the prisoner to his discharge. If the Court may grant reasonable time where the fine is peremptory (*Code,* 4565,) much more should reasonable time be allowed where the fine is alternative.

3. We see no error on the part of the Judge in receiving the official receipt of the clerk for fines and costs as *prima facie* evidence of payment. If not true, it could easily have been rebutted.

4. The contract between the Ordinary and respondent would have been very good evidence for the respondent, up to the time the fine was paid. After that time, it could only show that he once held the prisoner in lawful custody. The question for the Judge of the City Court was, do you *now* hold him in lawful custody?

5. Section 4303 of the Code requires a bill of exceptions to be presented to the Judge before he grants a *supersedeas.*

6. Any person may petition for the writ of *habeas corpus* in behalf of one imprisoned. The Code says, section 3933: " Any person alleging that another, in whom, for any cause, he is interested, is restrained of his liberty, etc., may sue out

a writ of *habeas corpus.*" Interest arising from humanity alone comes within both letter and spirit of the section.

Judgment affirmed.