## MORRIS *et al. v.* PERKINS *et al.*

Where a suit was brought on a debt dischargeable in bankruptcy, and the defendant debtor filed her plea setting up the facts that she had been adjudicated a bankrupt pending the suit, but had not then obtained her discharge, that the debt was duly scheduled, and that the plaintiff was served and appeared at the first meeting of creditors and examined the bankrupt; and where at a subsequent term, while the plea was still pending, the court overruled a motion for a continuance, and the case was tried and verdict and judgment were rendered against the debtor, such judgment could not be enforced after the discharge of the bankrupt, where she properly set up, in an equitable petition to restrain the enforcement of the judgment and execution, the fact of her discharge.

No. 763. NOVEMBER 16, 1918.

Petition for injunction. Before Judge Worrill. Quitman superior court. December 21, 1917.

Mrs. C. O. Morris and Mrs. Fannie L. Morris brought their petition against M. A. Perkins and L. M. Maddox as sheriff, seeking an injunction to prevent the enforcement of a judgment and execution. The petition was presented to the judge of the superior court, who refused to sanction it and to grant a restraining order.

The following is alleged in the petition: Perkins brought suit, in the county court, upon an open account against Mrs. C. O. Morris, for the principal sum of $200, besides interest. The defendant in that suit filed her answer denying that she was indebted to the plaintiff, and pleading failure of consideration. At the June term, 1915, of the county court a judgment was rendered in favor of the plaintiff against the defendant, who entered an

appeal in due time to the superior court, giving an appeal bond with Mrs. Fannie L. Morris as surety. At the September term of the superior court the case was continued for the term. Mrs. C. O. Morris, on March 4, 1916, filed her voluntary petition praying to be adjudged a bankrupt, and she was adjudged a bankrupt on March 6, 1916. The debt now in controversy was duly scheduled, and M. A. Perkins was served with notice, and appeared at the first meeting of creditors and through his attorney examined the bankrupt. The petitioner in bankruptcy claimed the benefit of the exemption and homestead allowed her under the constitution and laws of this State, and prayed that the same be set apart to her. The trustee in bankruptcy set apart as a homestead and exemption the property, both real and personal, which was scheduled. At the March term, 1916, of the superior court the case of M. A. Perkins against Mrs. C. O. Morris was called for trial. Mrs. Morris appeared and filed a plea alleging that she had been adjudged a bankrupt by the U. S. district court, and requested the superior court to stay the cause of Perkins against her until the bankruptcy proceedings should be disposed of and her application for a discharge in bankruptcy be heard and determined. The case was then continued, because of the plea and for other reasons, until the September term, 1917, of the superior court. Mrs. C. O. Morris, during the spring and summer of the year 1917, was an aged and infirm person, suffering from heart trouble and other causes, "which disqualified her for the greater part of that year from attending to any business whatever, and she is now far from being a well person; that she continues to suffer pain and is unable to stand any amount of physical exertion; that both of petitioners are widows and live at their residence in Quitman county under the same roof." At the September term, 1917, of the superior court the case of Perkins against Mrs. C. O. Morris was again called; but "petitioners were absent from the court on account of the fact of physical indisposition, not being able to attend said court and go through the trial of said cause, and believing that her case was to be continued until the bankrupt court would pass upon her application for a discharge, which was then pending, and not having any way of communicating on that particular morning to her counsel as to her reason for not being present." Her counsel stated to the court that he had prepared the application

for a discharge in bankruptcy for his client, and that it would soon be passed upon, and moved for a further continuance until the matter of his client's discharge should be determined. This motion was overruled, and the case proceeded to trial, resulting in a verdict for the plaintiff, and judgment was entered against Mrs. C. O. Morris as principal and Mrs. Fannie L. Morris as security on the appeal bond. Execution from the judgments has been levied upon the property which was set apart in the bankruptcy court to Mrs. C. O. Morris as her exemption and homestead. After the entry of judgment against her she received her discharge in bankruptcy; and because of this discharge the petitioners ask that Mrs. Fannie L. Morris, the security on the appeal bond, be released from all liability. There is no allegation that the property set apart in the bankruptcy court has also been set apart by the State court as a homestead or exemption. It is alleged that the judgment against petitioners is a cloud upon the title of all property owned by either of them; and they pray that the execution be enjoined and decreed to be null and void.

G. Y. Harrell, for plaintiffs. C. W. Worrill, for defendants.

BECK, P. J. (After stating the foregoing facts.) The ruling made in the headnote needs no elaboration. The principle upon which it is based is fully discussed in the case of Boynton v. Ball, 121 U. S. 457 (7 Sup. Ct. 981, 30 L. ed. 985). See also section 17 (a) of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 550, as amended (U. S. Comp. St. 1916, § 9601). The instant case differs in material facts from that of Adams v. Dickson, 72 Ga. 846.

The judge erred in refusing to sanction the petition.

*Judgment reversed. All the Justices concur.*