27140. ROGERS *v.* GEORGIA FINANCE COMPANY.

STEPHENS, P. J. 1. The funds earned as salary or wages by the bankrupt after his adjudication are not part of his estate for administration in bankruptcy.

2. Where a garnishment, issued upon a judgment obtained within four months before the filing of the petition in bankruptcy and the adjudication of bankruptcy, was served within this period upon the employer of the bankrupt, who answered that he was indebted to the bankrupt in a sum due for wages or salary earned by the bankrupt for a period beginning before the date of the adjudication and ending after the date of

the adjudication, and the garnishee paid the entire fund into court, and the portion of the fund earned as wages or salary for the period before the date of the adjudication of bankruptcy was paid over to the trustee in bankruptcy, and the remaining portion of the fund, representing the portion of the wages or salary earned by the bankrupt for the period after the date of his adjudication of bankruptcy, was not taken over by the trustee in bankruptcy, but was allowed to remain in the State court to which the garnishment was returnable, and where afterwards a bond to dissolve the garnishment was executed by the bankrupt, and the funds in the State court were taken by him, and where afterward, for a period of about seventeen months, and after the bankrupt's failure to apply for a discharge in bankruptcy, he withdrew his "plea in bankruptcy" in the court in which the proceedings were pending, and on the same day a judgment for the plaintiff was rendered against the bankrupt and the surety upon the bond to dissolve the garnishment, in a sum representing only the amount of the wages or salary earned by the bankrupt after the date of his adjudication and which had been paid into court, the lien created by the garnishment, in so far as it was a lien upon the funds in the hands of the court which represented the salary or wages earned by the bankrupt after the date of his adjudication, and the bond to dissolve the garnishment, were not void as against the surety upon the bond to dissolve the garnishment. The court did not err in dismissing the affidavit of illegality filed by the surety to the levy of an execution issued upon the judgment against him on the bond, upon the ground that the lien of garnishment was void under Section 67F of the bankrupt act, and that upon the same ground the bond to dissolve the garnishment was void.

3. A bond executed to dissolve a garnishment is not void by reason of the fact that it was executed to dissolve the garnishment after the garnishee had paid the funds into court.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

Decided December 1, 1938. Rehearing denied December 17, 1938.

*R. B. Pullen, J. C. Bowden,* for plaintiff in error.
*H. L. Luttrell,* contra.