HAYNES *v.* THRIFT CREDIT UNION *et al.*

No. 13724.   MAY 17, 1941.

*Claude O. Garvin* and *Alton T. Milam,* for plaintiff.

*E. L. Davis, E. A. Wright, Neely, Marshall & Greene,* and *Edgar A. Neely Jr.,* for defendants.

DUCKWORTH, Justice. ■ This case presents the question whether a bankrupt who before adjudication executed a "salary-reduction order" to secure a debt which is scheduled in bankruptcy is entitled to come into a State court for protection of his wages earned after adjudication against this salary assignment, pending the grant or refusal of a discharge in the bankruptcy court. One side contends that the bankruptcy court has exclusive jurisdiction of the matter, while the other contends that the State court has exclusive jurisdiction thereof. However, we believe that it is a matter which either court may determine. Although salary earned by the bankrupt after adjudication does not pass to the trustee and is not a part of the estate to be administered by the bankruptcy court (*Rogers* v. *Georgia Finance Co.*, 58 *Ga. App.* 871, 200 S. E. 476; In re Brown, 4 Fed. 2d, 806; In re Kane, 48 Fed. 2d, 96; 8 C. J. S. 662, § 197), it has been held that the bankruptcy court has authority to protect salary earned after adjudication from claims which are dischargeable in bankruptcy. In re Lineberry, 183 Fed. 338; In re Fellows, 43 Fed. 2d, 122; In re Potts, 54 Fed. 2d, 144; In re Skorcz, 67 Fed. 2d, 187; Seaboard Small Loan Corporation *v*. Ottinger, 50 Fed. 2d, 856 (77 A. L. R. 956). As was stated in Local Loan Co. *v*. Hunt, 292 U. S. 234 (54 Sup. Ct. 695, 78 L. ed. 1230, 93 A. L. R. 195), "one of the primary purposes of the bankruptcy act is to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.' . . This purpose of the act has been again and again emphasized by the courts as being of public as well as private interest, in that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns at the time of bankruptcy, a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." In that case it was held that an assignment of wages to be earned in the future, to secure a present debt, does not constitute a lien within the meaning of § 67(d) of the bankruptcy act (11 U. S. C. A. § 107(d)), excepting liens from the effect of the act, and is not enforceable after discharge, in respect of wages earned after adjudication. A discharge in bankruptcy relates to the date of adjudication; and it has been held that the bankruptcy court has authority under section 2, subsection 15, of the bank-

ruptcy act (11 U. S. C. A., § 11 (15)), to protect the bankrupt against the collection of dischargeable debts during the period between adjudication and the grant or refusal of a discharge. In re Fellows, In re Skorcz, supra.

Having seen that it has been held that the bankruptcy court has jurisdiction of cases such as this, it remains to be determined whether this jurisdiction is exclusive. It is well recognized that the bankruptcy court has exclusive jurisdiction of all matters respecting property of the bankrupt which is in its possession. However, property acquired after adjudication does not come into the possession of the bankruptcy court. This fact caused it to be said in at least two cases that the State court is the only one authorized to grant the bankrupt relief by protecting property acquired after adjudication from pre-existing dischargeable claims. Brouwer *v.* Superior Court, 130 Cal. App. 163 (19 Pac. 2d, 834); In re Rashbaum, 4 Fed. Supp. 774. In the Brouwer case the court granted the bankrupt relief similar to that here sought. While we do not go so far as to say that the State court has exclusive jurisdiction of the matter, we do hold that the State court may entertain such a suit. Certainly the bankrupt would have the right to come into his State court and protect himself against pre-existing claims, after receiving his discharge in bankruptcy. He can plead his discharge in any suit in any State court in which suit the discharge would be a proper defense. If the circumstances require affirmative action by the discharged bankrupt, he may use the State courts to obtain the benefits of his discharge. *Morris* v. *Perkins,* 148 *Ga.* 554 (97 S. E. 526). What is true after the discharge is granted is also true during the period in which the application for a discharge is pending. A case very similar to the one here involved is that of Public Finance Co. *v.* Rowe, 123 Ohio St. 206 (174 N. E. 738, 74 A. L. R. 900). There the jurisdiction of the court was not questioned, and the State court granted the bankrupt the relief sought by enjoining a creditor, who held an assignment of future wages as security for a dischargeable debt, from interfering with his employment pending the determination of the. bankrupt's discharge, and ordered the bankrupt's employer to pay to him the wages earned since his adjudication as a bankrupt. No reason appears why the State court should not have jurisdiction; and since the property involved is not in the possession of the bankruptcy

court, it must be held that the judge erred in sustaining the motion challenging the jurisdiction of the court. This case differs on its facts from In re Cleapor, 16 Fed. Supp. 481, cited by the defendant in error. In that case the salary assigned was scheduled by the bankrupt as an asset, and, upon adjudication, came regularly into the custody of the bankruptcy court for disposition. It was properly said that the bankruptcy court had the sole power of determining the validity, amount, and method of liquidation of liens against such fund. After further holding that the debt there involved was discharged by the bankruptcy proceedings, the court held that it was authorized to enjoin a suit in a State court on the debt, and to determine the effect of the discharge in bankruptcy; but it will be noted that it said it was not "bound to exercise this authority."

■ A motion to dismiss is the equivalent of a general demurrer, and such a motion will not reach defects in pleading which may be cured by appropriate amendment. *Minnesota Lumber Co.* v. *Hobbs,* 122 *Ga.* 20 (49 S. E. 783) ; *Meads* v. *Williams,* 55 *Ga. App.* 224 (189 S. E. 718). One of the grounds of the motion to dismiss in the instant case was that the Southern Railway Company should have been made a party defendant. An objection on the ground of nonjoinder of parties must be raised by special rather than general demurrer to the petition. *Shingler* v. *Shingler,* 184 *Ga.* 671 (192 S. E. 824), and cit. The motion to dismiss was insufficient to reach the question of nonjoinder, and it was error for the court to sustain this ground of the motion.

■ The motion to dismiss limited its attack upon the petition to the two grounds previously discussed, and these appear to be the only grounds ruled upon by the judge. Since the merits of the petition were not attacked by the motion and were not passed on by the judge, it would not be proper for this court, which sits for the purpose of reviewing rulings of the trial courts, to make any adjudication with reference to the sufficiency of the petition to state a cause of action. *Blount* v. *Metropolitan Life Insurance Co.,* 190 *Ga.* 301 (4) (9 S. E. 2d, 65). This is not such a case as *Barksdale* v. *Security Investment Co.,* 120 *Ga.* 388 (4) (47 S. E. 943), *Huggins* v. *Southeastern Lime & Cement Co.,* 121 *Ga.* 311 (48 S. E. 933), *Hicks* v. *Hicks,* 186 *Ga.* 362, 365 (197 S. E. 878), and *Coker* v. *Atlanta,* 186 *Ga.* 473 (198 S. E. 74), in which it appeared from the pleadings or evidence under consideration that the

judge reached the right result although he may have given a wrong reason therefor. The pleadings in the instant case expressly limited the judge's consideration to the grounds on which he based his decision. *Judgment reversed. All the Justices concur.*