FAUGHNAN, agent, *v.* ROSS, judge, *et al.*

No. 14655. NOVEMBER 10, 1943. REHEARING DENIED DECEMBER 10, 1943.

*Whitman Knapp* and *Will Ed Smith,* for plaintiff.

*T. Grady Head, attorney-general,* and *Marshall L. Allison, assistant attorney-general,* for person at interest, not party.

*W. A. Wooten, Hal M. Smith, Harry S. Strozier, R. B. Williams,* and *L. W. Griffin, for defendants.*

JENKINS, Presiding Justice. 1. In this State, the writ of habeas corpus will lie, not only by "any person restrained of his liberty" or by any person who is "interested" in such restraint even "from humanity alone" (*Broomhead* v. *Chisolm,* 47 *Ga.* 390 (6), 394), but also the writ will lie in behalf of "any person alleging that another . . is kept illegally from the custody of the *applicant.*" Code, § 50-101. Our statute thus provides for two different kinds of habeas corpus: one by a person restrained or by some one in his behalf, such as was "known to the common law as the habeas corpus ad subjiciendum . . issued in cases of illegal detention," in which the only parties before the court were the person detained and the person detaining, and the only issue was the legality of such restraint, either under pretext of legal process or under no process or right of restraint. *Simmons* v. *Ga. Iron & Coal Co.,* 117 *Ga.* 305, 309 (43 S. E. 780, 61 L. R. A. 739) ; Code, § 50-102 (3). The other kind of habeas corpus under § 50-101, brought by one claiming a right of custody against another holding custody, and seeking not to release but to claim custody of the person detained, covers not only cases involving the detention

of a wife or child against the right of the applicant (*Robertson* v. *Heath,* 132 *Ga.* 310, 313, 64 S. E. 73; Code, § 50-121), but also, by its comprehensive language, what has been termed "habeas corpus ad prosequendum," which issues when necessary to remove a prisoner to another jurisdiction having the right to try him under a previous indictment or imprison him under a previous sentence. See Bouvier's Law Dictionary; Cyclopedic Law Dictionary; 12 R. C. L. 1180, § 2; 29 C. J. 6, § 1. Accordingly, the purposes, issues, parties, and essential nature of the two kinds of habeas corpus are entirely different.

2. Where an affidavit has been filed with the Governor, under the Code, § 44-304, setting forth the commission of an offense in another State by a person now within this State, and the Governor has issued a warrant for his arrest, such warrant shall authorize his detention for "as long as 20 days," and if, at the expiration of such time, no formal demand shall have been made by the Governor of the State where the offense is alleged to have been committed, the person thus detained shall be discharged from custody; except that, on an additional affidavit as to such "intended application" as prescribed by § 44-304, he may be kept for five additional days.

3. Where under the statute last cited and an affidavit as to the commission of an offense in a foreign State, the Governor of this State has issued a preliminary fugitive warrant, providing that it shall lapse in twenty days, and where, after the accused was arrested thereunder, he filed with the judge of a city court a petition for habeas corpus, in which he sought his discharge from custody under such fugitive warrant, and attacked the legality of the Governor's fugitive warrant by alleging the invalidity of his conviction of a felony in the foreign State, and consequently denying that he was a fugitive from that State, the primary question involved was whether the warrant under which the petitioner was being held came within the lawful authority of the Governor to issue (25 Am. Jur. 159, § 26, and cit.), and whether, under the disclosed facts as contained in the record, the questions raised by the habeas-corpus petition attacking such preliminary warrant had become moot.

(a) The fact that the petitioner within the twenty-day period amended his petition by setting up a pending accusation against him in the same city court, for a misdemeanor, and a warrant

thereon under which he was arrested, but which he has never attacked, would not operate to give vitality to his attack on the preliminary fugitive warrant, if it should be held by the city court judge that such fugitive warrant had become inoperative by its terms, and that the proceeding based thereon had become moot. The accused himself appears to have recognized that such warrant had become functus officio, and that the questions raised in the attack thereon in his original city court petition had become moot, by filing a second amendment, as next dealt with, in which he apparently omitted any claim that he was being held by the sheriff under this preliminary fugitive warrant, but alleged that he was being detained by the sheriff under the warrant, accusation, and order of the city court and under the Governor's final "rendition warrant," which he then for the first time attacked.

(b) Nor would the fact that the alleged fugitive, by a second amendment to his habeas-corpus petition before the city court judge, sought to attack the Governor's final rendition warrant under an extradition proceeding, operate to give to the city court judge jurisdiction of that question, where it also appears that, prior to such second amendment, a new habeas-corpus proceeding of a different character and involving new and different parties, had already been instituted before a superior court judge by an agent of the foreign State, against the sheriff and his deputy and the judge of the city court, claiming custody of the alleged fugitive under the Governor's final rendition warrant. This is true for the reason that, since the final rendition warrant of the Governor was not attacked in the city court habeas-corpus proceeding until after the superior court judge had acquired jurisdiction on the question as to the validity of the final-rendition warrant, such an amendment in the city court would not operate to deprive the superior court judge of his jurisdiction thus acquired to determine that question. Whether, in the absence of such a proceeding before the superior court judge, the accused could have amended his proceeding before the city court judge by raising the new, separate, and independent question, involving different parties, is not before us for decision.

4. Under the preceding rulings, the judge of the superior court erred in holding that he was without jurisdiction of the instant habeas-corpus proceeding by the agent of the State of New York

and in dismissing the case, on the ground that the city court judge had already acquired jurisdiction.

5. Where, in thus dismissing the case solely on the ground of want of jurisdiction, the judge did not pass on any question respecting the merits, this court will not determine such questions. See *Haynes* v. *Thrift Credit Union,* 192 *Ga.* 229 (3) (14 S. E. 2d, 871), and cit. These questions relate to the right of custody of the alleged fugitive as between the contending officials; the authority of the Governor of this State, under the Code, § 44-303, to waive any right of this State to try the accused under the city court accusation before permitting his extradition to New York; the validity and effect of the Governor's final rendition warrant, and questions in connection therewith as to the constitutionality of the conviction of the accused in New York, and whether he was a fugitive from that State; the right of the agent of New York to intervene in the city court habeas corpus, or the right of any party at interest to intervene in the instant superior court habeas-corpus proceeding. *Judgment reversed. All the Justices concur.*