23769.   HALL et al. v. HALL.

SUBMITTED NOVEMBER 14, 1966—DECIDED NOVEMBER 23, 1966—
REHEARING DENIED DECEMBER 15, 1966.

F. Kelly McCutchen, for appellants.

Stafford R. Brooke, for appellee.

GRICE, Justice.   The sustaining of general demurrers to a habeas corpus petition seeking custody of a child is for review. Robert R. Hall and his wife, Faye Wells Hall, filed the petition in the Superior Court of Whitfield County against Eunice Hall, the child's maternal grandmother.   The allegations, insofar as pertinent here, may be summarized as follows.

The mother of the child was Geraldine Hall, who died several months after its birth.   The petitioner Robert R. Hall is the admitted natural father.   Since the mother's death, the grandmother has kept the child under her dominion and control.

Petitioners bring this action in the child's interest and welfare and in the interest of humanity.   They seek custody so as

to assume responsibility for its support and care, and wish to adopt it. They are the persons entitled to custody.

The restraint of the child is improper and detrimental to it. The petition attempts to show that the grandmother is unfit for custody, but in our view of the case it is not necessary to detail those allegations.

Petitioners aver that they provide the only means for the child to be legitimated; that the father admits paternity, has an interest in the child through consanguinity, has a natural devotion to it, and has the purest of motives in bringing this petition. The wife has the same motives and desires as to the child.

As we view the petition, what is decisive is that the petitioners do not show any right to custody in themselves so as to sustain it.

In this State the father of an illegitimate child, unless he legitimates it, has no standing with reference to the child. Our *Code,* § 74-203, declares that "The mother of an illegitimate child shall be entitled to the possession of the child, unless the father shall legitimate him. . . Being the only recognized parent, she may exercise all the paternal power." The procedure by which the father may render such a child legitimate is set forth in *Code* § 74-103. Here, there is no allegation that the petitioner father legitimated this child.

The petitioners are not aided by *Code* § 50-101, and the ruling in *Broomhead v. Chisholm,* 47 Ga. 390 (6), that an interest arising from humanity is sufficient to entitle a person to bring a writ of habeas corpus in behalf of one imprisoned. In *Faughnan v. Ross,* 197 Ga. 21 (1) (28 SE2d 119), this court pointed out the difference between the two kinds of habeas corpus provided by *Code* § 50-101, supra. It stated that one is issued in cases of illegal detention, where the only issue is the legality of such restraint. The other kind is by one claiming custody against another holding custody, and seeking, not release, but to claim custody of the person detained. The latter kind of habeas corpus covers cases involving "the detention of a wife or child against the right of the applicant." Pp. 26-27. It declared that the "purposes, issues, parties, and essential nature of the two kinds of habeas corpus are entirely different." P. 27.

Bearing in mind this difference, it is our view that the interest

822

in humanity which, under the *Broomhead* case, 47 Ga. 390, supra, gives standing to bring the writ in behalf of one imprisoned, is not sufficient to sustain the writ where the petitioner claims custody of the person against another holding custody. In the latter case habeas corpus will lie only where the detention is against the right of the applicant. Where one, through an interest in humanity, is concerned about the custody of a child, there are remedies other than habeas corpus by which the situation may be examined.

Since the petitioner has no right to custody of the child here, his wife has none.

For the foregoing reason, the petition failed to allege a cause of action and was properly dismissed upon general demurrer.

*Judgment affirmed. All the Justices concur.*