### 45112. HARPER v. BALLENSINGER.

EBERHARDT, Judge. Jean H. Ballensinger brought an action against her father, C. H. Harper, in DeKalb Superior Court alleging that her mother had died and that the interest and welfare of her eleven-year-old sister, then in the custody and control of the father, required that she be removed from his custody and placed in the hands of another. She alleged that the father was not a fit and proper person to have custody of the sister by reason of his intemperate habits and his propensity to cruel treatment of others, as evidenced by three marriages dissolved because of his cruelty to former wives and, as well, by violent conduct exhibited by him against the

child's maternal grandmother and another woman on the day before its mother was buried. Defendant's motion to dismiss was overruled and the trial court began the hearing of evidence, but shortly after beginning concluded that the matter should be transferred to the juvenile court, and entered an order transferring it. Defendant appealed to the Supreme Court, which, after consideration, determined that the case was not a habeas corpus action and transferred it to this court. *Harper v. Ballensinger*, 225 Ga. 863 (171 SE2d 609). *Held:*

1. Although the petition was not in form to make it an action for habeas corpus, we conclude that it is one which states a claim on which relief can be granted. In *Hall v. Hall*, 222 Ga. 820, 822 (152 SE2d 737) it was held that "Where one, through an interest in humanity, is concerned about the custody of a child, there are remedies other than habeas corpus by which the situation may be examined."

"In cases of separation of the parents, or of the death of one and the subsequent marriage of the survivor, the court, upon writ of habeas corpus, may exercise a discretion as to the possession of the child, looking solely to his interest and welfare." *Code* § 74-106. While this section does make reference to habeas corpus as the means for changing the custody, we can see no reason why that end may not be accomplished by some remedy "other than habeas corpus by which the situation may be examined." Of what consequence is an examination of the situation if the court is powerless to provide an adequate and effective remedy? Are we to hold that the court may do no more than "examine" in one action, and then remit the interested parties to habeas corpus and another day and another examination and trial in order to accomplish that which the court may determine to be in the interest and welfare of the child? Surely, our courts are not so burdened with meaningless procedure. When, in a proper case, it is determined that the welfare of the child requires that its custody be changed the court should, in the child's interest, effect the change without delay.

Appellant's assertion that the child's sister has no standing to bring an action against the father to effect a change of custody is not meritorious. If the action were based on the sister's lawful right to custody as against that of the father, we should agree that the right of the father is paramount.

But that is not the case here. She brings this action asserting that the father is an unfit and improper person to have the sister's custody. She seeks to deprive him of the custody because, by improper habits and conduct having made himself unfit, he has forfeited his superior right to custody. It is the child's right to be in a wholesome and fit atmosphere and surroundings that plaintiff seeks to establish. Cf. *Hunter v. Dowdy*, 100 Ga. 644 (28 SE 387). True enough, she asserts that she is a fit and proper person and that she has an interest in her sister's welfare and asks that custody be awarded to her. If the court agrees, it could so direct the award. *Walker v. Jones*, 1 Ga. App. 70 (57 SE 903). The court's discretion should be exercised in favor of the party having the legal right (here, the father) *unless the evidence shows that the interest and welfare of the child justify the judge in awarding its custody to another.* Code § 50-121; *Butts v. Griffith*, 189 Ga. 296 (2) (5 SE2d 907).

A parent should not be deprived of the custody of his child unless there is strong evidence indicating that the welfare of the child demands it; but on the other hand the child should not be arbitrarily required to remain under an intolerable custody and control of an unfit person, even the father. When there is none having the legal right to custody save the father, as here, it would be a travesty to hold that none other, even a sister of the child, has standing to seek a change of the custody if it appears that the welfare of the child requires it. The court had jurisdiction of the matter, and plaintiff has standing to bring the action.

2. There is no transcript of the evidence which was introduced before the judge of the superior court; consequently, we are unable to determine whether there is merit in enumerations 3 and 4.

3. The Juvenile Court of DeKalb County has statutory jurisdiction to investigate the conditions relative to the atmosphere and surroundings in which a child is detained, and to make a determination of whether these may require that a change be made in the best interest of its welfare. "The juvenile court shall have original jurisdiction concerning any child under 17 years of age living or found within the county: . . . (5) Whose custody is the subject of controversy except in those cases where the law now gives the superior courts exclusive jurisdiction. In the consideration of these

cases, the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when said issue is transferred by proper order of the superior court." *Code Ann.* § 24-2408 (5). A different conclusion is not required by *West v. Hatcher,* 219 Ga. 540 (134 SE2d 603), where the question decided was whether the sustaining of a general demurrer to a petition seeking the appointment of a custodian for children whose father had died and for whom no guardian had been appointed, the petition having been transferred to the juvenile court, was res judicata as to a subsequent habeas corpus action. It was held that the petition for the appointment of a custodian only was not one transferable to the juvenile court and since it had no jurisdiction, the sustaining of the demurrer there was not res judicata.

The petition here is not merely one for the appointment of a custodian. It seeks to have settled a controversy as to whether by reason of his improper habits and violent conduct, the father should be deprived of custody of the child. It is not a matter in which the law gives exclusive jurisdiction to the superior court. We think it is one properly within the jurisdiction of the juvenile court, and we find no error in the transfer.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

Argued February 3, 1970—Decided February 24, 1970—Rehearing denied March 13, 1970—

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Hicks,* for appellant.

*Charles J. Driebe, Charles H. Hyatt,* for appellee.