25848. HARPER v. BALLENSINGER.

ARGUED SEPTEMBER 16, 1970—DECIDED OCTOBER 8, 1970—REHEARING DENIED NOVEMBER 5, 1970.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Hicks, William G. Grant,* for appellant.

*Charles J. Driebe, Charles H. Hyatt,* for appellee.

ALMAND, Chief Justice. Jean Harper Ballensinger, in her complaint filed in DeKalb Superior Court against Carl H. Harper, alleged that she is one of the two surviving daughters of Helen Harper, the other daughter being Lyn, a minor 11 years old. She alleges that defendant was formerly married to their deceased mother, but that they were divorced in 1962, and the mother was granted custody of both daughters. She further alleged that said defendant was not a fit or proper person to have the custody of the minor and that the best interests of the minor would not be served by living with her father. She asserted that she was a fit and proper person to have the custody of her sister, she being 22 years old, married, and the testamentary guardian of Lyn Harper.

Her prayers were (a) that the complaint be set down for a hearing; (b) that the matter be referred to the Juvenile Court of DeKalb County for a complete and full investigation; (c) that a mental examination of the defendant be had; and, (d) that the plaintiff be awarded custody of the minor.

Two of the defenses were that the complaint failed to state a claim against the defendant upon which relief could be granted; and, that the court had no jurisdiction of the subject matter.

The court, after a hearing, overruled the defendant's motion to dismiss the complaint and granted the plaintiff's motion to transfer the case to the Juvenile Court of DeKalb County for a de novo hearing.

An appeal was filed by the defendant to the Supreme Court. This court held that the case should be transferred to the Court of Appeals because it was not a habeas corpus case, and there was no other basis for its jurisdiction. *Harper v. Ballensinger,* 225 Ga. 863 (171 SE2d 609).

The Court of Appeals held: (a) that the complaint stated a claim on which relief could be granted; (b) that the court

had jurisdiction over the subject matter; (c) that the plaintiff had standing to bring the complaint; and (d) that the case was properly transferred to the juvenile court.

This court granted the defendant's application for the writ of certiorari.

We now affirm in part and reverse in part the decision of the Court of Appeals.

■ We are of the opinion that the Court of Appeals was correct in affirming the order of the trial court denying the defendant's motion to dismiss the complaint.

The common law rule that infants are wards of the court was first followed in Georgia, before there was an appellate court, by Superior Court Judge Robert M. Charlton in 1836. (In the matter of Mitchell—Decisions of Georgia 1811-37). It is still the rule today. In *Williams v. Crosby,* 118 Ga. 296 (45 SE 282), in a habeas corpus proceeding between the parents as to the custody of their minor child, this court speaking through Mr. Justice Lamar said: "Even in a contest between parents, or by other persons against the parents, the State is also parens patriae, and neither the child nor the State is finally concluded by the divorce proceedings. The decree is a final adjudication as to the status of the parties to the divorce proceedings, but the jurisdiction of a habeas corpus court over the custody of the child is continuing. In the nature of things this must be so. The capacity, ability, or fitness of the party to whom the child was awarded in the divorce proceedings may thereafter become entirely different. The care and protection which the law affords the child is not limited to the date of the decree. Under the Civil Code, §§ 2452-3, the court has jurisdiction at any time to award the custody of the child as its best interest may demand. Ordinarily the child should be committed to the person having the legal right to its control, and on the production of a decree, properly exemplified, awarding the infant to the mother, she would be entitled to a judgment in her favor, unless it was shown by the father, *relatives, or friends,* who had instituted the habeas corpus proceeding, that since the rendition of the decree she had become an unfit person to longer retain the control of the infant, or, by her conduct and neglect of the

physical, mental, or moral interests of the child, had forfeited her rights. In a contest between two parties, both of whom are fit and proper persons, the one having the legal right should prevail. If both are proper parties, but neither has a legal right, the one having the strongest moral claim should prevail. But in every case, regardless of the parties, the welfare of the child is the controlling and important fact. This is not intended to nullify the laws of nature; for in most instances it will be found that the legal right of the parent and the interest of the child are the same. But if through misconduct or other circumstances it appears that the case is exceptional, and that the welfare of the child requires that it should be separated even from its parent, the parens patriae must protect the helpless and the innocent. They are the wards of the court, the hope of the State, and the seed corn of the future." (Emphasis supplied.)

Where, in a proceeding involving the custody of a child, a change is shown in the circumstances of the party having legal custody materially affecting the child's welfare, the court, in the exercise of a sound discretion, may protect such welfare. *Kniepkamp v. Richards,* 192 Ga. 509 (6) (16 SE2d 24).

After the death of the mother the right to the custody of the daughter reverted to the father. *Girtman v. Girtman,* 191 Ga. 173 (5, 6, 7) (11 SE2d 782); *Chapin v. Cummings,* 191 Ga. 408 (12 SE2d 312).

The plaintiff, a sister of the minor, had the right to institute this proceeding in order that the court as parens patriae might inquire into the circumstances of the welfare of the child.

We do not pass upon the question as to whether the complaint alleges facts sufficient to authorize a change in custody, but do hold that it is sufficient to justify the court in hearing the complaint. "Prior to the enactment of the Georgia Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann. Title* 81A), all the pleadings were construed most strongly against the pleader when demurrers or similar motions were being considered, and conclusions unsupported by allegations of fact would not withstand such attacks. Since the effective date of the Civil Practice Act, supra, the rule has generally been otherwise in that all that is required as to the claim is a short plain statement

showing the pleader is entitled to relief and a demand for judgment for the relief to which the plaintiff deems himself entitled. Ga. L. 1966, pp. 609, 619 (*Code Ann.* § 81A-108)." *Martin v. Approved Bancredit Corporation,* 224 Ga. 550, 551 (163 SE2d 885).

■ The court erred in transferring the complaint to the juvenile court.

Under the amended Juvenile Court Act (Ga. L. 1968, p. 1013; *Code Ann. Ch.* 24-24) which deals with the custody of minor children, the authority of the superior court to transfer the case to a juvenile court exists only in divorce and habeas corpus cases, or where criminal or quasi-criminal cases are pending against a minor under 17 years of age. Compare *West v. Hatcher,* 219 Ga. 540 (134 SE2d 603).

Section 9 (3) (4) of the amended 1968 Juvenile Court Act does not grant exclusive jurisdiction to the juvenile court to deal with minors coming within the provisions of these subdivisions, and does not exclude the jurisdiction of the superior court to determine the right to custody between individuals claiming such right. See Strangway v. Allen, 194 Ky. 681 (240 SW 384).

*Judgment of the Court of Appeals affirmed in part; reversed in part. All the Justices concur, except Undercofler, J., who dissents from Division 1.*