26213. OWEN v. COCHRAN et al.

PER CURIAM. The appellant petitioned for the custody of his eleven-year-old daughter. The child's mother is deceased. After hearing evidence, the trial court awarded the custody of the child to the mother's aunt. The appeal is from this judgment. *Held:*

The evidence shows that in 1961 the father and mother were separated. The mother and the then two and one-half year old child were living in the home of the mother's parents and aunt. The father came to the home and, in the presence of the child, killed the mother by shooting her repeatedly. The father was indicted for murder, plead guilty and was sentenced to life imprisonment. He was paroled on July 24, 1968.

Since his parole the father has been working regularly, has married a woman with 3 children, and attends church regularly.

The evidence also shows that since 1961 the child has continuously lived in the home with her mother's aunt. The mother's parents are now deceased. The child is well-adjusted, happy, attends school and church regularly, and makes good grades. The child testified that she does not "know" her father; that he was pointed out to her once; that he did not try to talk with her; that she is afraid of him; that she did not remember her father killing her mother; that after her mother died and before he went to prison, he threatened to kill her; and that she did not think she could overcome her fear of him.

In *Williams v. Crosby,* 118 Ga. 296, 298 (45 SE 282), this court said: "But in every case regardless of the parties, the welfare of the child is the controlling and important fact." See also *Harper v. Ballensinger,* 226 Ga. 828 (177 SE2d 693). The facts of this case were sufficient to support the trial court's judgment awarding custody of the child to her mother's aunt. *Lucas v. Smith,* 201 Ga. 834, 838 (41 SE2d 527); *Sturkie v. Skinner,* 214 Ga. 264 (3) (104 SE2d 417); and *Perkins v. Courson,* 219 Ga. 611 (135 SE2d 388).

*Judgment affirmed. All the Justices concur. Undercofler, J., concurs specially.*

ARGUED DECEMBER 14, 1970—DECIDED JANUARY 7, 1971.

153

*Robert E. Andrews,* for appellant.

*Robinson, Buice, Harben & Strickland, Emory F. Robinson,* for appellees.

UNDERCOFLER. Justice, concurring specially. I concur specially in the judgment because in my opinion the homicide of the mother by the father in the presence of the child, the child's statement that in the past he had threatened to kill her, and her expressed fear of him are sufficient facts to support an award of custody to a third party on the basis of cruel treatment of the child.