## 30400. THE STATE v. JORDAN.

GUNTER, Justice.

The state has appealed from two adverse judgments rendered by the Superior Court of Gordon County.

At the beginning of this litigation the appellee was an inmate in a prison in Tattnall County, Georgia. He filed an application for a writ of habeas corpus in Tattnall Superior Court in which he contended that his sentence and imprisonment were invalid because his plea of guilty entered in Gordon Superior Court in 1968 was not intelligently and voluntarily entered. The habeas court in Tattnall County granted a number of continuances, at the request of the state, of the hearing ordered pursuant to the issuance of the writ.

Appellee then filed a pleading in Gordon Superior Court in which he set forth the fact that his habeas hearing had been continued four times in Tattnall County, that the Gordon Superior Court should determine whether his earlier plea in that court had been unconstitutionally entered, and that appellee should be brought before the Gordon Superior Court so he could testify in the matter. He then prayed that the court order the state officials having custody of him to bring him before the Gordon Superior Court for a hearing in the matter.

The judge of Gordon Superior Court then entered an order requiring the state officials to produce the appellee "in person at 3:00 p.m. on the 7th day of July, 1975 in the courtroom of Gordon County Courthouse situated in Calhoun, Georgia, so that the said Adrian G. Jordan may be personally present to testify in his own behalf in the matter of said petition which he has filed with this court."

The appellee was taken to Gordon Superior Court at the appointed time, and a hearing was conducted in the matter. Prior to the hearing the state had filed a motion to dismiss appellee's pleading in Gordon Superior Court on the ground that the court was without jurisdiction in the matter. The state also filed an alternative motion for summary judgment on the same grounds. The state urged these two motions at the hearing, but they were overruled by the trial judge.

At 4:05 p.m. on the day of the hearing, appellee filed an application for a writ of habeas corpus in Gordon Superior Court in which he alleged that the Sheriff of Gordon County was illegally restraining him of his liberty on the ground that his sentence had been unconstitutionally imposed.

The trial judge then entered two judgments from which the state has appealed. They are:

1. The within and foregoing motion (the state's motion to dismiss and, in the alternative, motion for summary judgment), after hearing before the court, is hereby overruled. After further hearing in said matter, the defendant's request to withdraw his plea of guilty to the charge of murder in this case is hereby granted and the defendant is remanded to the Sheriff of Gordon County, Georgia until further order of this court.

2. The request of the defendant to withdraw his plea of guilty in the above matter is hereby granted, the sentence vacated and the defendant is hereby remanded to the Sheriff of Gordon County, Georgia, and stands before this court as charged in this indictment. The Sheriff of Gordon County, Georgia is hereby directed to hold said defendant until said matter is disposed of by the court as the law thereto appertains in such cases.

The state contends that the Superior Court of Gordon County did not have jurisdiction to enter either of these orders, and that the Superior Court of Tattnall County had exclusive jurisdiction in the matter.

We conclude that when the state officials delivered appellee to Gordon County, that court had jurisdiction in the matter. This case is controlled by this court's recent decision in *Smith v. Garner,* 236 Ga. 81 (1976). The state can attack the jurisdiction of a court in a matter such as this prior to producing a prisoner within the court's jurisdiction; the state can attack an order requiring its officials to produce a prisoner within a court's jurisdiction prior to having him transported into that jurisdiction; but after producing a prisoner within the jurisdiction of a superior court, that superior court has jurisdiction to hear and determine issues that can be raised by an application for a writ of habeas corpus.

*Judgment affirmed. All the Justices concur, except*

*Nichols, C. J., Ingram and Hill, JJ., who concur specially.*

SUBMITTED OCTOBER 3, 1975 — DECIDED FEBRUARY 2, 1976.

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellant.
*J. R. Cullens,* for appellee.

INGRAM, Justice, concurring specially.

I concur in the majority decision and find support for the judgment in *Broomhead v. Chisolm,* 47 Ga. 390 (1872). See also *Simmons v. Ga. Iron &c. Co.,* 117 Ga. 305, 314 (43 SE 780) (1903).

HILL, Justice, concurring specially.

As a general (even absolute) proposition I believe in compliance with court orders. Conversely, I abhor disobedience to court orders. Disobedience to court orders generates disrespect for both the offender and the courts. It also subjects the offender to being held in contempt.

Feeling as I do about the respect due an order of the court, I cannot approve the ruling in this case that compliance with a court order constitutes waiver of the right to challenge the validity of that order.

In most if not all cases, where a defendant wishes to challenge the jurisdiction of the court, the defendant does not waive that right by filing the appropriate defense and then appearing in court. The majority in this case has ruled that where a party files a defense challenging the jurisdiction of a court and complies with a court order, the defense is waived. The effect of this ruling will be to require disobedience to court orders entered on short notice and I cannot agree that we should insist upon disobedience to court orders.

On the other hand, the delays experienced by the petitioner (appellee) in obtaining a hearing on his habeas petition in Tattnall Superior Court do appear, at least prima facie, to be out of the ordinary.[1] We do not, however,

[1] The habeas petition was filed March 31, 1975, was first set for hearing on April 24, but was continued by three orders until July 10, 1975.

have before us the record of that habeas corpus proceeding and cannot say that the habeas court erred in granting continuances at the state's request.

Having tried unsuccessfully to obtain a hearing on his habeas petition, appellee filed an extraordinary application in the convicting court. That application precipitated the order to produce the prisoner. That application alleged in effect that appellee's habeas petition was an inadequate remedy at law under the facts of this case. In my view, without the habeas record before it, the convicting court was not in position to determine that appellee's habeas remedy was inadequate.

The majority opinion appears to hold sub silentio that a convicting court has continuous jurisdiction over prisoners sentenced by that court. If that be so, then the convicting court and the habeas court where the prisoner is detained have concurrent jurisdiction over him.

In the case at bar, the appellee was allowed to withdraw his 1968 plea of guilty of murder and was remanded to the custody of the Sheriff of Gordon County. The court directed the sheriff to take custody of the appellee until his case could be disposed of, and said: "Now, I don't want to deny you the right to appeal." The assistant attorney general asked if the filing of the notice of appeal would suspend the trial court's order. Thereafter, on that same day insofar as appears from the transcript, the appellee pled guilty to voluntary manslaughter, was sentenced to serve six years, and was released because he had already served seven years. The record does not show that the state was represented at that guilty plea hearing either by the district attorney or the attorney general's office. In my view, the state has a right to be represented at a guilty plea hearing, just as the defendant does.

Hopefully the appellee was not being held by the state under any other sentences. Nevertheless, the possibility that appellee was serving a concurrent sentence imposed by another court convinces me that the habeas court should have sole jurisdiction.

I therefore would find that the sentencing court lacked jurisdiction in this case and that this lack of jurisdiction has not been waived. However, the

sentencing court has stated that appellee entered his guilty plea without appearing before the court, and that he was not asked whether his plea was voluntary, etc. Under these circumstances, it would appear that appellee is entitled to relief, albeit habeas corpus relief, and an opportunity to withdraw his plea of guilty and replead. In view of the fact that he has pled guilty to voluntary manslaughter and been resentenced, it appears that jeopardy has attached. That being so, this appeal is moot. I therefore reluctantly concur in the judgment so that this matter be put to rest.

I am authorized to state that Chief Justice Nichols joins in this special concurrence.