## 52928. In re: A. A. Mc.

McMURRAY, Judge.

A petition was filed by a representative of the State Department of Human Resources in the Superior Court of Tift County alleging that a certain minor child, age 5 years, given shelter by the state, was believed to be illegitimate, was in a deprived condition, its mother deceased, and its father could not be located. The prayers were that the parental rights of the father, if any, be terminated and that an order awarding the Department of Human Resources the permanent custody of the child be given in order that the said child might be placed for adoption with proper applicants. Service by publication was accomplished, and thereafter the maternal grandmother answered, seeking custody and possession of the minor child.

A hearing was held and the court issued its findings of fact and conclusions of law, and awarded permanent custody of the minor child to the State Department of Human Resources, Division of Children and Youth, finding as a matter of law this was in the best interest of

the child. The maternal grandmother appeals. *Held:*

1. Under the authority of *Harper v. Ballensinger,* 225 Ga. 863 (171 SE2d 609), this case has been transferred to this court because it is not a habeas corpus case, and the Court of Appeals has jurisdiction. See also in this connection *Harper v. Ballensinger,* 121 Ga. App. 390 (174 SE2d 182); 226 Ga. 828 (177 SE2d 693); 122 Ga. App. 822 (178 SE2d 806), and cases filed after the enactment of the Juvenile Court Code (Title 24A; Ga.L. 1971, p. 709, et seq.), such as *Crook v. Ga. Dept. of Human Resources,* 137 Ga. App. 817 (224 SE2d 806); *Moss v. Moss,* 135 Ga. App. 401 (218 SE2d 93); 233 Ga. 688 (212 SE2d 853); *Spence v. Levi,* 133 Ga. App. 581 (211 SE2d 622).

2. This court takes judicial cognizance that Judge J. Bowie Gray, Superior Court of Tift County, is also the Judge of the Juvenile Court of Tift County.

Whether or not the lower court should have transferred the case to the juvenile court is really not necessary for consideration for same would have been simply an exercise in futility since Judge Gray was likewise Judge of the Juvenile Court of Tift County. There is no magic in mere nomenclature. *Girtman v. Girtman,* 191 Ga. 173, 180 (11 SE2d 782); *McDonald v. State,* 222 Ga. 596, 597 (1) (151 SE2d 121).

3. Appellant does not argue or enumerate as error the denial of custody to her, which is the sole basis of her claim. In this case it is doubtful that she has any standing whatsoever to raise the other issues complained of here.

4. The maternal grandmother seeks to raise numerous jurisdictional questions in regard to the jurisdiction of this matter, contending it is within the juvenile court under Code Ann. § 24A-301 et seq. (Ga.L. 1971, pp. 709, 712; 1973, pp. 882, 883) and contends the evidence was insufficient to show a "deprived child"; insufficient evidence to show the parental rights should be severed, and that service by publication had not been perfected in accordance with law. Other jurisdictional questions were raised by brief but not in appellant's enumerations of error.

Appellant, in seeking that the custody of the child be awarded to her, prayed that the parental rights of the actual or putative father be severed. She cannot now

complain when this occurred.

The fact the child was in the care of the state for approximately four years in foster homes, the mother deceased and father unknown, was ample evidence to show this was a deprived child needing the care and protection of the parens patriae. The court then properly determined in its finding of fact that the child was deprived, without father or mother, and the grandmother, who intervened was unable to care for her, and in its conclusions of law that it would be in the best interest of the child that permanent custody and control of the minor child be placed in the Division of Youth, Georgia Department of Human Resources, to be placed for adoption, and that the parental rights be severed.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted October 13, 1976 — Decided November 12, 1976 — Rehearing denied December·15, 1976.

*Elsie Higgs Griner,* for appellant.

*Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General,* for appellee.