## 34238. SPITZ et al. v. HOLLAND.

JORDAN, Justice.

This appeal is from a judgment dismissing a petition for habeas corpus on the ground that the petitioners (appellants) do not have standing to bring the action.

The appellants are the maternal grandparents of two minor children. Their petition against the father of the children alleged that the mother of the children is dead; the father has denied them visitation rights with the children; and the father is unfit to have custody of the children. They prayed that custody be placed in them and the father be required to support the children, or, in the alternative, that they have visitation rights.

The father filed a motion to dismiss the action. The trial judge, in dismissing the action relied on *Hall v. Hall,* 222 Ga. 820 (152 SE2d 737) (1966), which held that in a habeas corpus action for the custody of children the action is by one claiming custody against one holding custody, and the proceeding cannot be brought by one not having any right of custody.

The *Hall* case was followed by *Bennett v. Schaffer,* 228 Ga. 59 (183 SE2d 760) (1971), which held that the trial judge properly dismissed the petition for habeas corpus of maternal grandparents of an infant child. It was there said: "Habeas corpus is a special statutory

proceeding. This court has held that habeas corpus is not an available remedy to inquire into the legality of the custody of a child in a case where the alleged detention is not against the right of the applicant for habeas corpus."

The *Hall* and *Bennett* cases, supra, did not deal with older cases which had allowed persons claiming no legal right to the custody of minor children to bring habeas corpus proceedings. In *Brown v. Harden,* 150 Ga. 99 (102 SE 864) (1920), a grandmother was permitted to bring a habeas corpus proceeding to inquire into the custody of her three minor grandchildren; and in *Roebuck v. Calhoun,* 201 Ga. 496 (40 SE2d 142) (1946), a maternal aunt was permitted by petition for habeas corpus to inquire into the custody of her minor nephew. These cases are physical precedents only, since the question of whether the applicant had standing to bring the proceeding was not made in either case. Counsel for the appellants had cited us no case, and we have found none, in which this court has held that a person claiming no legal right to the custody of a minor child has standing to bring a habeas corpus action to obtain the custody of the child.

The appellants cite Code § 50-121, as amended, and Code § 74-106. While these sections authorize a habeas corpus court to exercise a discretion as to the possession of a minor child in the circumstances stated therein, no right is given by these sections to a person claiming no legal right of custody to institute a habeas corpus proceeding. These sections have been construed to give only a limited discretion to a trial judge where a parent and a third person are disputing the custody of a child. *Land v. Wrobel,* 220 Ga. 260 (138 SE2d 315) (1964).

After further consideration of the issue we adhere to the former ruling of this court that a habeas corpus proceeding to obtain the custody of minor children may not be brought by a person claiming no legal right of custody.

This does not mean that a person concerned with the welfare of a child, who is being raised under conditions detrimental to its welfare, has no remedy. See Code §§ 74-109 and 74-110, and Code Ann. §§ 24A-1601 (Ga. L. 1971, pp. 709, 726) et seq. and 24A-3201 (Ga. L. 1971, pp.

709, 747; 1974, pp. 389, 1133) et seq.

Any right of grandparents to visitation with their grandchildren is based on Code Ann. § 74-112 (Ga. L. 1976, p. 247), which provides: "Whenever any court in this State shall have before it any question concerning the custody of or guardianship of any minor child, the court may, in its discretion, grant reasonable visitation rights to the maternal and paternal grandparents of the child..."

It is only where custody questions are in issue that this statute may be invoked. *George v. Sizemore,* 238 Ga. 525 (233 SE2d 779) (1977); *Sachs v. Walzer,* 242 Ga. 742 (1978); *Rhodes v. Peacock,* 142 Ga. App. 328 (235 SE2d 762) (1977). Prior to the 1976 statute, there was no right of visitation in grandparents. *Davis v. Davis,* 212 Ga. 217, 220 (3) (91 SE2d 487) (1956).

Since the appellants have no standing to bring the habeas corpus proceeding, no question of custody was before the court, and the appellants have no claim for visitation rights.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1978 — DECIDED JANUARY 4, 1979 — REHEARING DENIED JANUARY 23, 1979.

*Jack P. Turner,* for appellants.

*Webb, Young, Daniel & Murphy, David E. Betts,* for appellee.