34590. FLEMING v. REEVES.

JORDAN, Justice.

The judgment under review in this appeal is one remanding the custody of a six-year-old boy to the child's maternal step-grandmother in a habeas corpus suit.

Appellant, Joyce Reeves Fleming, claims the child as its natural mother. Appellee, Joicy V. Reeves claims legal custody by virtue of appellant's voluntary release of her parental rights. The undisputed facts show that since April, 1974, the subject child has lived with appellee and

her husband, now deceased, the child's maternal grandfather. After the death of her father, appellant on August 6, 1978 removed the child from appellee's home. Appellee petitioned for a writ of habeas corpus, and, after hearing evidence, the trial court held that the appellant had released, by voluntary contract as provided in Code § 74-108 (1), her parental right of custody over the child, and ordered the child returned to appellee. Although not contested by the appellant, the appellee was not prevented from initiating this proceeding by our recent case of *Spitz v. Holland,* 243 Ga. 9 (1979), since she is claiming a legal right to the child's custody.

On appeal, appellant's sole enumeration of error is that the trial court erred in finding that appellant had released her parental rights by voluntary contract. Appellant admits that there was an agreement between the parties to allow the child to remain with its maternal grandparents for one year, but denies that there was ever any contract with appellee to release her parental rights over the child.

"In order for a contract for voluntary relinquishment of a child's custody to a third person to be valid, such agreement must be clear, definite and unambiguous. [Cits].That the contract must be definite and clear does not mean that the evidence must be undisputed." *Yancey v. Watson,* 217 Ga. 215 (121 SE2d 772) (1961) and cits. While the evidence presented in this case concerning the length of time appellant intended her child to remain in the custody of appellee is in dispute, there was sufficient evidence to authorize the trial court's finding that appellant had released her parental rights by voluntary contract.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 4, 1979.

*Kingloff, Clifford & Travis, J. Stephen Clifford, Mildred L. Kingloff,* for appellant.
*Philip M. Casto,* for appellee.