A97A0464. IN THE INTEREST OF D. B. G. et al., children.
(485 SE2d 575)

POPE, Presiding Judge.

Edward Herbst "Ned" Fullerton, the biological father of D. B. G. and C. M. G., appeals from a juvenile court order terminating his parental rights. Concluding that the lower court's ruling was supported by clear and convincing evidence, we affirm.

The father pled guilty to murdering the mother, and is currently serving a life sentence. He will first be eligible for parole in September 2009, when the children will be 16 and 19. The father murdered the mother by shooting her, and he had threatened her with a gun on previous occasions. On at least one of these occasions, the children were present. The father had a wife and other children in a nearby city, and kept the existence of the mother, D. B. G. and C. M. G. a secret. Since the mother was killed, the children have been living with their maternal uncle and his wife, who would like to adopt them.

1. This is clear and convincing evidence of parental misconduct, and also this is sufficient to support the court's determination that termination of the father's parental rights is in the best interest of the children. See OCGA § 15-11-81 (a). Although "the mere fact that a parent kills another parent does not in and of itself result in the automatic forfeiture of the parent's parental rights to the child as a matter of law . . . [,] '(t)he requisite malice necessarily shown by guilt of the murder of one's spouse is sufficient to imply a moral unfitness to terminate the parental relationship.'" (Citation omitted.) *In the Interest of A. M. S.,* 208 Ga. App. 328, 330-331 (3) (430 SE2d 626) (1993); see also *Heath v. McGuire,* 167 Ga. App. 489, 492 (3) (306 SE2d 741) (1983).

2. Additionally, the biological father received notice of these proceedings and failed to file a petition to legitimate the children. Thus, termination of his parental rights was authorized under OCGA § 15-11-83 (e), (g), and (h) as well.

3. The father also contends the trial court erred in considering a report of the guardian ad litem, since the father did not receive a copy of this report. There is no copy of the report in the record, but it appears from the lower court's order that the report simply recommended that the children continue to stay with the uncle — a recommendation the father agreed with anyway — without addressing the question of termination of parental rights. In any case, the father has failed to show how he was harmed by the court's consideration of the report without ensuring that he had a copy.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 3, 1997.

Before Judge Ellerbee.

*John K. Edwards, Jr.*, for appellant.
*Barham & Dover, Wilton E. Stone, Jr.*, for appellee.