A98A1347. IN THE INTEREST OF E. D. T., a child.

(505 SE2d 516)

POPE, Presiding Judge.

Appellant Diaz, the biological father of E. D. T., appeals from the juvenile court's order terminating his parental rights. We affirm.

E. D. T. was placed into the care of the Department of Family & Children Services (the "Department") on August 14, 1994 after E. D. T. was taken to a hospital by a maternal uncle and neither of E. D. T.'s parents appeared to claim the child. At the time, Diaz was incarcerated on drug trafficking charges, and the mother could not be located. Diaz attended the initial deprivation hearing and signed a case plan on August 29, 1994 which indicated, among other things, that Diaz needed to legitimate E. D. T. Diaz has not seen the child or had any further contact, other than speaking with the child's caseworker, since 1994. Diaz acknowledged that the caseworker had been telling him since 1994 that he needed to file proceedings to legitimate E. D. T.

The Department filed a petition to terminate parental rights on April 27, 1997. On May 8, 1997, Diaz was personally served with a copy of that petition, which contained the notice required under OCGA § 15-11-83 informing him that he would lose all rights to his child and would not be entitled to object to the termination of his rights unless he filed a petition to legitimate E. D. T. within 30 days from his receipt of the petition. Diaz has never filed a petition to legitimate his child.

At the time of the hearing in July 1997, Diaz was still incarcerated on drug charges and had a maximum release date on his 12-year sentence of 2006, with the possibility of parole in 1998. The juvenile court terminated Diaz's parental rights pursuant to OCGA § 15-11-83 (h)[1] for failing to file a petition for legitimation and further found that the parent's conviction for drug trafficking and possession, and his continued incarceration, have had a demonstrable negative effect on the quality of the parent-child relationship, citing OCGA § 15-11-

---

[1] The hearing on the petition for termination in this matter was held before the 1997 amendment to the statute became effective on January 1, 1998. That amendment re-wrote and re-numbered several provisions of the statute. Under the current version, the applicable provision would be OCGA § 15-11-83 (i) (1).

81 (b) (4) (B) (iii). Diaz contends that the juvenile court's order violated his right to due process of law by terminating his parental rights without clear and convincing evidence.

The Georgia Code sets out specific procedures to be followed with regard to biological fathers in termination proceedings. OCGA § 15-11-83. A biological father, who is not a legal father, is to be given notice in connection with the petition for termination of parental rights. OCGA § 15-11-83 (e).[2] The notice must spell out that he has 30 days in which to institute a proceeding to legitimate his child and to give notice of the legitimation proceeding to the court, or he will forfeit his right to object to the termination of his parental rights. OCGA § 15-11-83 (g).[3] If the biological father fails to take these steps, the Code clearly states that "he loses all rights to the child and the court shall enter an order terminating all such father's rights to the child and such father may not thereafter object to the termination of his rights to the child." OCGA § 15-11-83 (h).

Diaz received the required notice, but failed to take the required action.[4] The juvenile court correctly terminated Diaz's parental rights. See *In the Interest of D. B. G.*, 226 Ga. App. 29, 30 (2) (485 SE2d 575) (1997).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED AUGUST 5, 1998.

*Deborah M. Lubin*, for appellant.

*Thurbert E. Baker, Attorney General, William C. Joy, Dennis R. Dunn, Senior Assistant Attorneys General, Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General, Nardone & Read, Robert G. Nardone, Jenkins & Nelson, John C. Shelton, Dorothy V. Murphy*, for appellee.

---

[2] The version of the Code applicable to this case provided that such notice should be made by registered or certified mail, return receipt requested. Although Diaz received the required notice through personal service, he does not contest the form of the notice, or dispute that he received such notice. The current version of the statute specifically provides that such notice can be made through personal service. OCGA § 15-11-83 (f) (2).

[3] Now OCGA § 15-11-83 (h).

[4] Moreover, Diaz knew as early as 1994 that he needed to file a petition to legitimate E. D. T., but did nothing over the intervening three years. His argument that he thought he was the legal father because his name appeared on the child's birth certificate thus is without merit. Further, his incarceration is no excuse for his inaction. Diaz filed several motions with the juvenile court in connection with these proceedings while incarcerated.