533 S.E.2d 737 (2000)
243 Ga. App. 473
In the Interest of D.B., a child.
No. A00A0638.
Court of Appeals of Georgia.
April 12, 2000.
*738 David C. Butler, Marietta, for appellant.
Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Laura W. Hyman, Assistant Attorneys General, Sanders B. Deen, Marietta, for appellee.
BLACKBURN, Presiding Judge.
Eddie Brackins, the putative biological father of D.B., appeals from the juvenile court's order terminating his parental rights. As Brackins failed to legitimate D.B. under OCGA § 15-11-83 and that statute is constitutional, we affirm.
1. Where parental rights have been terminated, the standard of review is:
whether, after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's right to custody should be terminated. In the Interest of L.F., 203 Ga.App. 522, 417 S.E.2d 344 (1992). On appeal, this Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's factfinding and affirm unless the appellate standard is not met. In the Interest of R.N., 224 Ga.App. 202, 480 S.E.2d 243 (1997).
(Punctuation omitted.) In the Interest of A.K.M., 235 Ga.App. 853, 854, 510 S.E.2d 611 (1998).
D.B. and her sibling were found to be deprived, and temporary legal custody was granted to the Cobb County Department of Family & Children Services in an order entered December 28, 1998. That order was not appealed. Thereafter, the Department filed its petition for termination of parental rights, and Brackins was personally served with a copy of the petition. The petition contained the notice required pursuant to OCGA § 15-11-83(h).
Pursuant to OCGA § 15-11-83, a biological father who is not the legal father of the child shall be notified of the petition to terminate parental rights and shall be advised that he loses all rights to the child *739 and may not object to the termination of those rights if he does not file a legitimation petition within 30 days of the notice of the petition to terminate parental rights. OCGA § 15-11-83(h).
In the Interest of A.K.M., supra at 855(2), 510 S.E.2d 611; In the Interest of E.D.T., 233 Ga.App. 774, 505 S.E.2d 516 (1998). Here, Brackins failed to file a petition to legitimate D.B., despite having received two notices of his need to legitimate and having been given a continuance from the termination hearing so that he could comply with OCGA § 15-11-83(h). The juvenile court did not err in determining that Brackins' parental rights should be terminated under OCGA § 15-11-83. In the Interest of A.K.M., supra; In the Interest of E.D.T., supra; In the Interest of D.B.G., 226 Ga.App. 29(2), 485 S.E.2d 575 (1997).
2. In his second enumeration of error, Brackins argues that OCGA § 15-11-83 is unconstitutional because it requires the biological father to exercise his interest in the child by filing a petition to legitimate. This enumeration is without merit, as our Supreme Court has found to the contrary:
"The significance of the biological connection is that it offers the natural father an opportunity that no other male possesses to develop a relationship with his offspring. If he grasps that opportunity and accepts some measure of responsibility for the child's future, he may enjoy the blessings of the parent-child relationship and make uniquely valuable contributions to the child's development." [Lehr v. Robertson, 463 U.S. 248, 262, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983)].... This opportunity interest begins at conception and endures probably throughout the minority of the child. But it is not indestructible. It may be lost.... It is, then, an interest which can be abandoned by the unwed father if not timely pursued. On the other hand it is an interest which an unwed father has a right to pursue through his commitment to becoming a father in a true relational sense as well as in a biological sense.
In re Baby Girl Eason, 257 Ga. 292, 296(1), 358 S.E.2d 459 (1987).
OCGA § 15-11-83 operates to protect a biological father's due process rights to exercise his opportunity interest in his child in the event a termination of parental rights is sought. However, the biological father must claim the opportunity interest. In re Eason, supra. Here, Brackins abandoned his opportunity interest by failing to exercise his right, after being provided notice and an opportunity to be heard in accordance with OCGA § 15-11-83.
Judgment affirmed.
ELDRIDGE and BARNES, JJ., concur.