A00A0096, A00A0097. IN THE INTEREST OF D. M. et al., children (two cases).
(535 SE2d 7)

PHIPPS, Judge.
The putative biological father of D. M. and D. M. appeals the juvenile court order terminating his parental rights.[1] Because the father's failure to file a petition to legitimate the children within 30 days of receiving notice of the proceedings to terminate his parental rights justified the court's decision to terminate all such rights, we affirm.

D. M. and D. M., twin boys born in 1995, were removed from the custody of their mother on April 8, 1997, when she tested positive for cocaine and marijuana use at the birth of another son. At the time, the father was twenty-three years old, unemployed, had fathered five children, and lived with his grandmother. He admitted to marijuana

---

[1] One outcry witness testified that another child reported seeing Woods touch "other girls she knew" between the legs, but the "other girls" were never identified.
[2] Further, the police officer's testimony regarding Woods' confession that he "molested" C. P. adds nothing to the determination of whether a fatal variance existed as to this count, as it does not identify the manner in which Woods molested C. P. See OCGA § 16-6-4 (a).
[1] Separate notices of appeal were filed on behalf of the father and the children. Because the facts and issues are the same, we have consolidated the cases.

and alcohol use.

The juvenile court found the children were deprived and placed them in the temporary custody of the Cobb County Department of Family & Children Services (DFACS). Both parents were ordered to complete drug and alcohol assessment, maintain stable and appropriate residences for themselves and the children for a period of six months, obtain stable, gainful employment, and submit to random drug screens. In addition, DFACS developed a reunification plan for the parents that required the father to prove himself to be the biological father, obtain and maintain housing separate from relatives, remain drug and alcohol free, and obtain stable employment. Neither parent met the goals of the reunification plan.

On September 14, 1998, DFACS filed a petition to terminate the rights of both parents with respect to D. M. and D. M. The petition specifically stated that appellant was believed to be the biological father of the boys and that he would lose all rights to them unless he filed a petition to legitimate them within 30 days of receipt of the petition. On September 17, 1998, counsel was appointed to represent the father in the termination proceedings.

The father was served with a copy of the petition and a summons, which notified him that the juvenile court would conduct a hearing on November 18, 1998, regarding the termination of his parental rights. At the time, he was incarcerated in the Cobb County jail and was transported to the juvenile court for the scheduled hearing.

The termination hearing was reset for January 20, 1999, and the father was again personally served with the summons and petition. On January 20, 1999, the termination hearing was rescheduled for March 5, 1999, and the father, who had been released from jail, was personally served with yet another summons and petition.

The juvenile court conducted a hearing on March 5, 1999, and terminated the father's parental rights to D. M. and D. M. for failure to file an action to legitimate the children. The only excuse he offered was that he had been incarcerated when he first was served with the action. He admitted that he was released in late November 1998.

1. In three enumerations of error, the father contends that the juvenile court erred in terminating his parental rights pursuant to OCGA § 15-11-83. We disagree.

> A biological father who is not the legal father loses all rights to the child and the court shall enter an order terminating all such father's rights to the child and such father may not thereafter object to the termination of his rights to the child if within 30 days from his receipt of the notice [of

the petition to terminate his parental rights] he: (1) does not file a legitimation petition. . . .[2]

It is undisputed that the father never sought to legitimate the children. He contends that he is illiterate and that the juvenile court failed to ensure that he understood the procedural requirements associated with a legitimation petition. But he failed to raise his alleged illiteracy at trial, and we will not address any issue raised for the first time on appeal.[3]

The father was provided more than adequate notice that he must file a legitimation petition or his parental rights would be terminated. He was personally served three times with a copy of the summons and petition, which clearly set forth this requirement. Also, he was provided with counsel more than five months prior to the termination hearing. The father had adequate opportunity to file a legitimation petition prior to the March 5 hearing. The juvenile court did not err in determining that his parental rights should be terminated under OCGA § 15-11-83.[4]

2. In light of our holding in Division 1, we need not address the father's remaining enumerations of error.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 16, 2000 —
RECONSIDERATION DENIED JUNE 8, 2000.

*Christopher E. Ringue, Bobby G. Adkins, Jr.,* for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Sanders B. Deen,* for appellee.

---

[2] OCGA § 15-11-83 (i).
[3] *In the Interest of K. A. C.,* 229 Ga. App. 254, 255 (2) (493 SE2d 645) (1997).
[4] *In the Interest of A. K. M.,* 235 Ga. App. 853, 855 (2) (510 SE2d 611) (1998); *In the Interest of E. D. T.,* 233 Ga. App. 774, 775 (505 SE2d 516) (1998).