544 S.E.2d 518 (2001)
247 Ga. App. 594
In the Interest of S.L.H., a child.
No. A00A2029.
Court of Appeals of Georgia.
January 19, 2001.
*519 Christopher S. Warren, Stone Mountain, B. Samuel Engram, Jr., Albany, for appellant.
Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, Paula T. Hanington, Albany, John C. Shelton, Atlanta, for appellee.
POPE, Presiding Judge.
S.M., the biological father of S.L.H., appeals from the juvenile court's order terminating his parental rights.
The record and transcript show the following: S.L.H. was placed into the custody of the Dougherty County Department of Family & Children Services (DFACS) in April 1994, when she was four months old. She had been abused and neglected by her mother and had suffered severe permanent neurological damage as a result of this abuse and neglect. According to several orders entered during 1994, S.M. was incarcerated and did not appear at the hearings concerning the child. In 1996, DNA tests were conducted which showed a 99.59 percent probability that S.M. was the biological father of S.L.H. In October 1997, a hearing to extend temporary custody was held. The juvenile court noted that S.M. was in court on that date and that he had expressed an interest in parenting S.L.H., although he had taken no steps to legitimate her. Following that hearing, the juvenile court ordered S.M. to file a legitimation petition "or be subject to the loss of any potential parental rights."
The juvenile court held a review hearing in February 1998. At that time, the court noted that the mother had surrendered her parental rights and that S.M. was currently incarcerated as a result of an alleged probation violation. S.L.H. remained in the custody of DFACS and in foster care throughout 1998 and 1999. S.M. remained incarcerated during this time and did not legitimate the child.
On October 29, 1999, a petition for termination of S.M.'s parental rights was filed. The petition contained the required notice under OCGA § 15-11-83(h)[1] informing him that he would lose all rights to his child and would not be entitled to object to the termination of his parental rights unless he filed a petition to legitimate within 30 days from receipt of the petition. In December 1999, more than 30 days after the filing of the petition, S.M. inquired about legitimating S.L.H. However, he had not legitimated S.L.H. by the time of the hearing on the termination petition held on April 4, 2000.
Following the hearing, the juvenile court entered an order terminating S.M.'s parental rights under OCGA § 15-11-81. On appeal, S.M. argues that the court terminated his parental rights based solely on his incarceration. However, the record is clear that in terminating S.M.'s parental rights the juvenile court considered factors other than S.M.'s incarceration in determining parental misconduct and inability. Furthermore, termination of S.M.'s parental rights was authorized because he had failed to legitimate S.L.H.
Although the juvenile court did not indicate that it was relying upon OCGA § 15-11-83(i)[2] in terminating [S.M.'s] rights, the statute is clear that a biological father who fails to seek to legitimate his child following receipt of proper notice may not thereafter object to the termination of his parental rights. The reason for such a prohibition is obvioussomeone who refuses to take steps to acknowledge his paternity should not be able to contest the termination of his parental rights. There is no reason why such a rule should not apply where the juvenile court bases the termination on a finding of parental misconduct or inability pursuant to OCGA § 15-11-81.[3]
(Punctuation and footnote omitted.) In the Interest of A.W., 242 Ga.App. 26, 27, 528 S.E.2d 819 (2000). In the Interest of D.M., *520 244 Ga.App. 361, 362-363(1), 535 S.E.2d 7 (2000); In the Interest of E.D.T., 233 Ga.App. 774, 775, 505 S.E.2d 516 (1998). Here, there is no question that the required statutory notice regarding legitimation by a biological father was given. Moreover, in addition to the notice contained in the termination petition, the juvenile court ordered S.M. in 1997 to legitimate S.L.H. or risk losing his parental rights. And "his incarceration is no excuse for his inaction." In the Interest of E.D.T., 233 Ga.App. at 775, fn. 4, 505 S.E.2d 516. The order terminating S.M.'s parental rights is affirmed.
Judgment affirmed.
MILLER and MIKELL, JJ., concur.
NOTES
[1] Effective July 1, 2000, OCGA § 15-11-83 was redesignated as OCGA § 15-11-96.
[2] Currently OCGA § 15-11-96(i).
[3] Currently OCGA § 15-11-94.