A03A2571. IN THE INTEREST OF D. W., a child.
(592 SE2d 679)

ELDRIDGE, Judge.

Appellant, the putative biological father of D. W., appeals from the Polk County Juvenile Court's order terminating his parental rights. Under OCGA § 15-11-96 (i), the juvenile court's order termi-

nating appellant's parental rights as mandatory for his failure to timely file a petition to legitimate D. W. and standing in the appellant thereafter lost to challenge the termination of his parental rights, we affirm the juvenile court's order. As a result, we do not reach appellant's challenge to the loss of his parental rights upon the appointment of counsel one day before the expiration of the time to file a petition to legitimate D. W., this as moot.

In circumstances where parental rights have been terminated by a juvenile court, we are required to review the evidence in the light most favorable to the appellee to determine whether any rational trier of fact could reasonably have found by clear and convincing evidence that the natural parent's right to custody should be terminated. *In the Interest of L. F.*, 203 Ga. App. 522 (417 SE2d 344) (1992); *In the Interest of A. K. M.*, 235 Ga. App. 853, 854 (510 SE2d 611) (1998). In doing so, we do not weigh the evidence. Neither do we determine the credibility of witnesses. Instead, we give deference to the factfinding of the trial court and affirm upon finding the appellate standard of review satisfied. *In the Interest of D. B.*, 243 Ga. App. 473 (1) (533 SE2d 737) (2000); *In the Interest of A. K. M.*, supra.

1. The appellant argues that the juvenile court erred in ruling that it had no discretion to allow him to file a legitimation petition after the expiration of the 30-day limitation period under OCGA § 15-11-96 (i). We disagree.

> Under OCGA § 15-11-96 (h), a petition to terminate parental rights must notify a biological father who is not the legal father that he must file, within 30 days of receipt of notice, a petition to legitimate his child. See also OCGA § 19-7-22. [Petition for legitimation of child; notice to mother; court order; effect; intervention by father.] If the father fails to file a legitimation petition within 30 days, "he loses all rights to the child and will not be entitled to object to the termination of his [parental] rights." OCGA § 15-11-96 (h); *In the Interest of S. L. H.*, 247 Ga. App. 594 (544 SE2d 518) (2001). If no legitimation petition is timely filed, or if it is denied or dismissed, the trial court shall enter an order terminating the father's rights. OCGA § 15-11-96 (i).

*In the Interest of S. H.*, 251 Ga. App. 555, 556 (1) (a) (553 SE2d 849) (2001). Loss of standing to object to the termination of parental rights follows the entry of such order. OCGA § 15-11-96 (i).

In this case, the December 2002 termination petition notified the appellant that he had 30 days to file a petition to legitimate D. W. and that the failure to do so would result in the loss of his right to object to the termination of his parental rights. The appellant was

served with summons and process on January 4, 2003.[1] At its pretrial conference on January 30, 2003, the juvenile court advised the appellant of his right to counsel at any termination proceeding and further advised him that he needed to file a petition to legitimate D. W. immediately for the imminent expiration of the time to file the same. Promptly thereafter, the appellant requested the appointment of counsel, and on February 3, 2003, counsel was appointed. Counsel filed appellant's petition to legitimate D. W. at the termination hearing approximately six weeks later on March 19, 2003.[2] Appellant's failure to timely file his legitimation petition left him without standing to challenge the termination of his parental rights. OCGA § 15-11-96 (h), (i); *In the Interest of S. H.*, supra. In the absence of standing to object to the termination of parental rights for an untimely filed legitimation petition, entry of an order terminating parental rights was mandatory. OCGA § 15-11-96 (i). The word "shall" as used in such Code section cannot be construed otherwise. "In its ordinary signification 'shall' is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission." (Citation and punctuation omitted.) *Rickett v. State*, 276 Ga. 609, 610 (2) (581 SE2d 32) (2003); see *In the Interest of E. D. T.*, 233 Ga. App. 774, 775 (505 SE2d 516) (1998) (OCGA § 15-11-96 (i) "clearly states" that entry of an order terminating parental rights shall follow noncompliance with the requirement to file a legitimation petition within 30 days of notice of a petition to terminate parental rights); see also *In the Interest of S. H.*, supra at 557 (1) (a). Thus, while the juvenile court did not err in terminating the appellant's parental rights as mandatory in this case, error obtained upon its failure to dismiss his challenge to the termination of his parental rights for lack of standing.

2. The appellant also complains that the juvenile court erred in terminating his parental rights upon the denial of his right to counsel during the termination phase of the proceedings, this because the juvenile court appointed counsel to represent him one day before the time to file a legitimation petition expired. Inasmuch as the appellant lacked standing to object to the termination of his parental rights for the failure to timely legitimate D. W. following the juvenile court's entry of its order terminating appellant's parental rights,

---

[1] The acknowledgment of service on file in the clerk of court's office shows that the appellant signed his acknowledgment on January 3, 2003. Upon stipulation of the parties, however, the juvenile court found that process was served on January 4, 2003.

[2] The record shows some disparity on this issue, i.e., the juvenile court admitted appellant's legitimation petition in evidence as filed on March 7, 2003, upon the stipulation of the parties at its March 19, 2003 termination hearing. Later, finding no record of the legitimation petition as filed before March 19, 2003, in its clerk's office, the juvenile court ruled that the petition had been filed in court on March 19, 2003, at its termination hearing.

Division 1, supra, we need not consider the instant claim of error as moot on appeal.[3] *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117 (446 SE2d 794) (1994).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 17, 2003.

*Diane M. Locklear*, for appellant.

*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General, Mundy & Gammage, Billie J. Crane*, for appellee.

---

[3] While we are *without authority to decide this claim of error*, we note that the record is replete with efforts to advise the appellant of the need to timely file a legitimation petition. At the termination hearing, the caseworker assigned his case testified that she had repeatedly advised the appellant to do so in the three years before the termination hearing. Moreover, for two years prior to its pretrial conference on January 30, 2003, the juvenile court had advised the appellant, then always represented by retained initial counsel, to file a legitimation petition in order to preserve standing to challenge the termination of his parental rights. On cross-examination at the termination hearing, the appellant admitted that the juvenile court had never led him to believe that he was other than D. W.'s putative father. During the motion for reconsideration hearing, appellant, through appointed counsel, conceded that nothing had impeded his ability to hire an attorney or request the appointment of an attorney in the 26 days which followed service of the petition to terminate his parental rights and the juvenile court's pretrial conference.