A07A0706. IN THE INTEREST OF S. M. G. et al., children.
(643 SE2d 296)

ANDREWS, Presiding Judge.

Appellant, the biological father but not the legal father[1] of S. M. G., D. L. G., D. E. G., and D. E. G., minor children, appeals from the order of the Juvenile Court of Randolph County terminating his parental rights to the children. The sole basis for the appeal is appellant's claim that the juvenile court erred by failing to require Randolph County to pay for legal services to enable him to legitimate the children. For the following reasons, we find no merit to this claim and affirm the juvenile court's order terminating parental rights.

Finding that the appellant and the children's mother lacked the ability or failed to provide proper parental care and control, the juvenile court entered an order on November 23, 2003, ruling that the four children were deprived, awarding temporary custody of the children to the Georgia Department of Human Resources (DHR) (acting through the Randolph County Department of Family and Children Services), and approving a plan for reunification of the children with the parents. After the juvenile court found that the children's circumstances had not changed and that they were still deprived, the court entered an order on October 24, 2004, continuing temporary custody of the children in the DHR, and ordering continued efforts to implement the plan for reunification. Pursuant to the DHR's motion, the juvenile court entered an order on May 3, 2005, finding that the parents had completed the reunification plan and returning custody of the children to the parents with DHR aftercare supervision. Thereafter, conditions in the home deteriorated, and the juvenile court entered an order on September 13, 2005, finding that the children were again deprived because of parental inability or failure to provide proper care, and again awarding the DHR temporary custody of the children. Based on the children's continuing deprived condition, the DHR submitted a report to the juvenile court on September 21, 2005, requesting a nonreunification permanent

---

[1] See OCGA § 15-11-2 (1.1), (10.1).

plan for the children. On November 4, 2005, the juvenile court entered an order finding that, because the home situation had continued to deteriorate, efforts to reunite the children with the parents had become detrimental to the children and should cease, and approving the DHR's plan to seek termination of parental rights.

On July 12, 2006, the DHR filed a petition to terminate the parental rights of the appellant and the mother, and on July 17, 2006, the juvenile court appointed separate counsel to represent the appellant and the mother. The record shows that the termination petition contained the advisory required by OCGA § 15-11-96 (h) that, when a biological father who is not the legal father is notified pursuant to OCGA § 15-11-96 (e) of a petition to terminate his parental rights, he loses all rights to the child and will not be entitled to object to termination of his rights unless, within 30 days of receipt of such notice, he files a petition to legitimate the child pursuant to OCGA § 19-7-22, and files notice of the filing of the legitimation petition with the court where the termination petition is pending. After the September 19, 2006 hearing on the termination petition, the juvenile court found that, from the date the children were first found to be deprived in 2003, appellant had been repeatedly notified by the court of his responsibility to legitimate the children, and that appellant had failed to file a legitimation petition within 30 days of the date he received notice of the petition to terminate his parental rights to the children. Appellant does not dispute these findings by the juvenile court. Accordingly, the record is undisputed that, after receiving notice of the termination proceedings pursuant to OCGA § 15-11-96 (e), and being advised pursuant to OCGA § 15-11-96 (h) to file a legitimation petition within 30 days of such notice, appellant failed to file a legitimation petition within the 30-day period. Having failed to file a legitimation petition within the 30-day period, OCGA § 15-11-96 (i) further provided that appellant lost all rights to the children and that "the court shall enter an order terminating all such father's rights to the [children] and such father may not thereafter object to the termination of his rights to the [children]. . . ." It follows that the juvenile court was required on these facts to terminate appellant's rights to the children, and that the court did not err when it entered an order on October 23, 2006, terminating the appellant's parental rights.[2] *In the Interest of E. D. T.*, 233 Ga. App. 774, 775 (505 SE2d 516) (1998).

We find no merit to appellant's claim that the trial court erred because it did not require Randolph County to pay for legal services

---

[2] The mother, whose parental rights were also terminated in the order, is not a party to this appeal.

to enable him to legitimate the children. Five days after the termination petition was filed, the trial court entered an order appointing an attorney to represent appellant in the termination proceedings. There is no evidence in the record that, prior to expiration of the 30-day period for filing a legitimation petition, appellant or his appointed attorney made any effort to file a legitimation petition. There is no evidence that appellant or his attorney requested funds for that purpose from the juvenile court, or that the court denied funds for that purpose. Because this Court's appellate jurisdiction is for the correction of errors on matters ruled on by the lower court, and this issue was not raised below and ruled on by the juvenile court, there is no error for this Court to review. *Taylor Auto Group v. Jessie*, 241 Ga. App. 602, 604 (527 SE2d 256) (1999).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MARCH 7, 2007.

*William D. Hall*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Hall & Williamson, Lauren H. Williamson*, for appellee.