A07A1259. IN THE INTEREST OF S. M. R., a child.
(648 SE2d 697)

BERNES, Judge.

The biological father of S. M. R. appeals the juvenile court's order terminating his parental rights. We find no error and affirm.

The Georgia Department of Human Resources, acting through the Haralson County Department of Family and Children Services ("DFCS"), filed a petition in the Juvenile Court of Haralson County to terminate the parental rights of S. M. R.'s mother and the appellant. The petition alleged that appellant had not legitimated the child nor

provided any care or support to her. Appellant subsequently filed a petition to legitimate S. M. R. in the Superior Court of Carroll County.[1]

At the termination hearing later conducted in juvenile court on January 26, 2007, DFCS contended that the appellant had relinquished his rights to the child by failing to file notice with the juvenile court of the filing of the petition to legitimate under OCGA § 15-11-96. After hearing evidence, the juvenile court agreed with DFCS and subsequently issued an order terminating the appellant's parental rights to S. M. R. This appeal followed.

We are compelled to agree with the juvenile court that appellant failed to fulfill the statutory notice requirement, and thus was not entitled to object to the termination of his rights to S. M. R. OCGA § 15-11-96 (h) requires that a biological father who is not the legal father of the child be given notice of any termination proceeding commenced with respect to the child. The notice must advise the biological father

> that he *loses all rights to the child and will not be entitled to object to the termination of his rights to the child unless*, within 30 days of receipt of such notice, *he files*: (1) A petition to legitimate the child pursuant to Code Section 19-7-22; *and* (2) Notice of the filing of the petition to legitimate with the court in which the action under this Code section is pending.

(Emphasis supplied.) OCGA § 15-11-96 (h). Consistent with the foregoing, the termination petition notified appellant that he would lose all rights to S. M. R., and would not be entitled to object to the termination of his rights to the child, unless within 30 days of the receipt of the notice "[he] file[d]: (1) A petition to legitimate the child pursuant to OCGA § 19-7-22; and (2) Notice of the filing of the petition to legitimate with the Haralson County Juvenile Court in Buchanan, Georgia." The termination petition was served on appellant on December 19, 2006.

Although appellant filed a petition to legitimate S. M. R. in the Superior Court of Carroll County, he never filed written notice in the Juvenile Court of Haralson County that he had filed the petition to legitimate. Appellant, however, contends that he was not required to file a written notice of the filing of the legitimation petition with the

---

[1] A copy of the Carroll County legitimation petition does not appear in the record of this case. However the record does reflect that the Superior Court of Carroll County legitimated appellant as the father in a January 22, 2007 order. DFCS contends this order is voidable because DFCS, as custodian of the child, was not served with notice of the action.

juvenile court. Instead, he contends that he met the notice requirement imposed by OCGA § 15-11-96 (h) by orally informing the juvenile court at a scheduling conference that he had filed a legitimation petition. We are constrained to disagree.

The words "he files" in OCGA § 15-11-96 (h) modify both parts (1) and (2). See, e.g., *In the Interest of S. M. G.*, 284 Ga. App. 64, 65 (643 SE2d 296) (2007) (OCGA § 15-11-96 (h) requires the biological father who is not the legal father to be advised that he will lose his parental rights unless "within 30 days of receipt of such notice, he files a petition to legitimate the child pursuant to OCGA § 19-7-22, and files notice of the filing of the legitimation petition with the court where the termination petition is pending"). In its generally accepted legal use, to "file" means "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record." Black's Law Dictionary, p. 660 (8th ed. 2004). As such, OCGA § 15-11-96 (h) contemplates a filing with the court of a tangible document, not mere oral notice.

Appellant's failure to give notice as required by OCGA § 15-11-96 (h) within 30 days of his notification of the termination proceeding required the juvenile court to enter an order terminating his rights to S. M. R. See OCGA § 15-11-96 (i); *In the Interest of D. W.*, 264 Ga. App. 833, 835 (1) (592 SE2d 679) (2003) (entry of an order terminating parental rights was mandatory in absence of standing to object to termination). The juvenile court therefore committed no error in granting the termination petition filed by DFCS.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 25, 2007.

*Meng H. Lim*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Evan L. Stapler*, for appellee.