648 S.E.2d 786 (2007)
In the Interest of A.D., a Child.
No. A07A0150.
Court of Appeals of Georgia.
July 6, 2007.
E. Suzanne Whitaker, for Appellant.
Thurbert E. Baker, Atty. Gen., Atlanta, Michelle R. Clark, Stockbridge, Shalen S. Nelson, Senior Asst. Dist. Atty., for Appellee.
BARNES, Chief Judge.
The alleged legal father of A.D. appeals the decision of the juvenile court finding that the child was deprived and awarding custody of the child to the Department of Family and Children Services ("DFCS"). He maintains that he has done nothing to warrant denying him custody of A.D. He further alleges that DFCS failed to prove by clear and convincing evidence that A.D. was deprived by him; that the juvenile court erred by denying his requests for legal custody;[1] that the juvenile court impermissibly shifted the burden of proof to him; and that the juvenile court failed to afford him procedural and substantive rights.
The first issue to be addressed, however, is whether the appellant has standing to claim custody of A.D. and to appeal the juvenile court's order. Although the appellant claims that he has legitimated A.D., he has provided no proof that he has done so. Instead, he has merely asserted that he legitimated A.D., but he has never provided the court with a copy of the legitimation order *787 because he could not "find the paper," even though he was directed by the juvenile court to do so before the hearing on granting custody of A.D. Further, we note that the supplemental order denying custody, which the appellant also contests, contains a requirement that the father provide DFCS with a copy of the order legitimating A.D., but no such order has been included in the record on appeal, and appellant has not contended that he has provided such an order. Indeed, the appellant's brief complains that by requiring him to submit such an order the juvenile court has shifted the burden of proof.
Under these circumstances we find that the evidence is not sufficient to establish that the appellant has standing in this case, and we refuse to base a decision of this court on the appellant's mere allegation that he has legitimated A.D. when he and his counsel were given ample opportunity to obtain a copy of the legitimation order, but were unable or unwilling to do so. Under our law
only the mother of a child born out of wedlock is entitled to custody of the child "unless the father legitimates him as provided in Code Section 19-7-22." OCGA § 19-7-25. Under the current legislative scheme, if a father wants to gain the right to custody or visitation, he must take the steps required by OCGA § 19-7-22 to "legitimate the child," or, more correctly, to legitimate the relationship between himself and the child.
Pruitt v. Lindsey, 261 Ga. 540, 542(2), 407 S.E.2d 750 (1991); Petersen v. Tyson, 253 Ga.App. 431, 432-433, 559 S.E.2d 164 (2002). "In this State the father of an illegitimate child, unless he legitimates it, has no standing with reference to the child." Hall v. Hall, 222 Ga. 820, 821, 152 S.E.2d 737 (1966). See also In the Interest of D.W., 264 Ga.App. 833, 834-835(1), 592 S.E.2d 679 (2003) (by failing to file a timely petition to legitimate, the father loses all rights to the child and will not be entitled to object to the termination of his parental rights).
Accordingly, this order of the juvenile court denying appellant's request for custody is vacated and the case is remanded to the juvenile court for further proceedings in which the appellant may establish that he has legitimated A.D. and is entitled to participate in these proceedings. Upon such determination, the juvenile court should enter a further order addressing appellant's request for custody, and any party seeking an appeal from that order must file a timely notice of appeal.
Judgment vacated and case remanded.
SMITH, P.J., and MILLER, J., concur.
NOTES
[1] Although he asserts this error, the father now contends that he never filed a motion seeking custody.