A08A0968. IN THE INTEREST OF M. D., a child.

(667 SE2d 693)

BARNES, Chief Judge.

The biological father of M. D. appeals the order of the juvenile court terminating his parental rights. Upon our review, we affirm.

On May 23, 2007, the Polk County Department of Family and Children Services ("DFACS") filed a petition to terminate the father's parental rights to M. D. The father was personally served, and a hearing on the petition was scheduled for July 25, 2007. On June 13, 2007, the juvenile court appointed counsel to represent the father in the termination proceeding. On June 26, 2007, the father filed a pro se petition to legitimate M. D., and subsequently, on July 26, 2007, filed a notice of the petition to legitimate in the juvenile court.

On October 18, 2007, the court entered an order finding that the father did not have standing to object to the termination of his parental rights to M. D. The juvenile court denied the father's motion for reconsideration, and following a hearing, terminated his parental rights to M. D.

---

[16] Id.

[17] See *Daniel Mill, LLC*, supra at 606-608; *McClung*, supra.

The father argues that the juvenile court erred in terminating his parental rights because he was excused from filing a petition to legitimate M. D. due to DFACS's failure to strictly comply with the notice provision pursuant to OCGA § 15-11-96. More specifically, he argues that the juvenile court erred in finding that the errors in the DFACS petition were harmless, because as a result of the errors in the petition, he was not provided with adequate notice of his rights pursuant to OCGA § 15-11-96. We do not agree.

OCGA § 15-11-96 (h) requires that a biological father who is not the legal father of the child be given notice of any termination proceeding commenced with respect to the child. The notice must advise the biological father

> that he loses all rights to the child and will not be entitled to object to the termination of his rights to the child unless, within 30 days of receipt of such notice, he files: (1) A petition to legitimate the child pursuant to Code Section 19-7-22 . . . ; *and* (2) Notice of the filing of the petition to legitimate . . . with the court in which the action under this Code section is pending.

(Emphasis supplied.) OCGA § 15-11-96 (h).

Here, the termination petition, which was served on June 6, 2007, informed the father that

> [t]his notice is given pursuant to *OCGA § 15-11-83* to inform you that as a biological father who is not the legal father of the child, you will lose all rights to the child, unless, within thirty (30) days of receipt of this notice you file (1) [a] petition to legitimate the child pursuant to *OCGA § 19-17-22*; and (2) [n]otice of the filing of the petition to legitimate with the Polk County Juvenile Court in Cedartown, Georgia.

"OCGA § 15-11-83" as referenced in the petition is now OCGA § 15-11-96,[1] and DFACS incorrectly referenced OCGA § 19-7-22 as "OCGA § 19-17-22." Despite these errors, the father filed a petition to legitimate M. D. within the 30-day period, but did not file notice of this filing with the juvenile court until July 26, 2007, well outside the 30-day period. We find no merit to the father's claim that the errors in the petition deprived him of proper notice regarding the preservation of his rights during the termination proceedings.

---

[1] OCGA § 15-11-83 was redesignated as OCGA § 15-11-96, effective July 1, 2000.

The evidence shows that the father was properly served with the petition. Further, regardless of the accuracy of the Code sections, the termination petition specifically warned that the father would lose all rights to M. D., and that he would not be entitled to object to the termination of his parental rights to her unless he filed *both* a petition to legitimate her within 30 days from receipt of the petition and notice of the petition in juvenile court. See *In the Interest of S. M. G.*, 284 Ga. App. 64, 65 (643 SE2d 296) (2007) (biological father who is not the legal father must be advised that he will lose his parental rights unless "within 30 days of receipt of such notice, he files a petition to legitimate the child pursuant to OCGA § 19-7-22, *and* files notice of the filing of the legitimation petition with the court where the termination petition is pending") (emphasis supplied); *In the Interest of S. M. R.*, 286 Ga. App. 139, 141 (648 SE2d 697) (2007) ("Appellant's failure to give notice as required by OCGA § 15-11-96 (h) within 30 days of his notification of the termination proceeding required the juvenile court to enter an order terminating his rights.").

Regarding any error in the petition, "pleadings are to be construed according to their substance and function and not merely as to their nomenclature, being always mindful to construe such documents in a manner compatible with the best interest of justice. . . ." *In the Interest of K. E. P.*, 269 Ga. App. 700, 701 (1) (605 SE2d 114) (2004).

Here, the petition served its function, which was to provide the father with notice of the actions he was to take to preserve his rights to intervene in the termination proceeding.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 25, 2008.

*Jeffrey W. Duncan*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Billie J. Crane*, for appellee.