# Court of Appeals
# of the State of Georgia

ATLANTA,  August 02, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0922.  IN THE INTEREST OF J. L. H., f/k/a J. M., A CHILD (FATHER).**

In this dependency action, the putative father (the "appellant") of J. L. H. f/k/a J. M. appeals from an order of the Douglas County Juvenile Court ending reunification services and ruling that the child should remain in the custody of the Douglas County Department of Family and Children Services (the "Department").[1] Because the record on appeal is insufficient to establish whether the appellant has standing to pursue this appeal, or whether the issues on appeal have been rendered moot based on subsequent proceedings, we remand to the juvenile court for further proceedings.

In an order filed on September 14, 2021, nunc pro tunc to June 28, 2021, the juvenile court found that J. L. H. remained dependent and the Department should retain custody. Specifically, the court noted that the child had been in foster care for over three years and was in need of stability to achieve permanency. The court therefore ended reunification services to the appellant and changed J. L. H.'s permanency plan to adoption following termination of parental rights.

As highlighted by the juvenile court in its order, at the time of the June 28, 2021 hearing, the appellant had not yet legitimated the child and "[was] not even recognized as the legal father of the child." During the hearing, the appellant's counsel inquired about the status of the appellant's legitimation petition.  After

---

[1] The juvenile court also ended reunification services to the mother, but she is not a party to the instant appeal.

confirming that a petition had been filed in May 2020,[2] the juvenile court informed counsel that she would need to request a hearing before the court would issue a ruling on the petition. On August, 2, 2021, the juvenile court held a legitimation hearing. However, the court adjourned the hearing because the mother was not present and it was unclear whether she had consented to the legitimation.

As an initial matter, we address whether the appellant has standing to appeal the juvenile court's June 2021 review order terminating reunification services. "In this State the father of an illegitimate child, unless he legitimates it, has no standing with reference to the child." *Hall v. Hall*, 222 Ga. 820, 821 (152 SE2d 737) (1966); OCGA § 19-7-25 ("[o]nly the mother of a child born out of wedlock is entitled to custody of the child unless the father legitimates him as provided in Code Section 19-7-22"). See also *In the Interest of A. D.*, 286 Ga. App. 352, 352-353 (648 SE2d 786) (2007) (father who has not legitimated child born out of wedlock lacks standing to appeal a juvenile court order finding the child deprived);[3] *In the Interest of D. W.*, 264 Ga. App. 833, 834-835 (1) (592 SE2d 679) (2003) (by failing to file a timely petition to legitimate, the father loses all rights to the child and will not be entitled to object to the termination of his parental rights).

In his brief, the appellant represents that "[s]ubsequent to the June 28, 202[1] hearing, an Order for Legitimation has since been signed and filed with the [juvenile] court." Such an order, however, does not appear in the record on appeal and it is unclear whether the juvenile court entered an order of legitimation as to the appellant before it filed the order on September 14, 2021, nunc pro tunc to June 28, 2021, ending reunification services to the appellant.

---

[2] A paternity test established that the appellant is J. L. H.'s biological father.

[3] "Given the similarities between the definition of a 'deprived child' under the former Juvenile Code and that of a 'dependent child' under the current Juvenile Code, our previous decisions addressing the deprivation of a child are relevant to appeals involving the dependency of a child." *In the Interest of A. M. B.*, 361 Ga. App. 551, 555 (a) n. 2 (864 SE2d 713) (2021) (citation and punctuation omitted).

Under these circumstances we find that the record evidence is not sufficient to establish that the appellant has standing to challenge the court's June 2021 order, and we refuse to base a decision of this Court on the appellant's mere allegation that he has legitimated J. L. H. See *In the Interest of T. B. W.*, 312 Ga. App. 733, 733 n. 1 (719 SE2d 589) (2011) ("Until the father obtained an order declaring that he was the legal father of [the child], he lacked standing to challenge the court's previous orders concerning the child."). Accordingly, the case is REMANDED to the juvenile court for further proceedings in which the appellant may establish that he has legitimated the child and is entitled to participate in these proceedings.

We also note that based on materials in the record, it appears that subsequent events might have rendered the father's instant appeal moot. Following the juvenile court's June 28, 2021 order, and the appellant's notice of appeal from that order, the juvenile court entered another order on November 30, 2021, nunc pro tunc to October 14, 2021,[4] directing the Department to resume reunification services to the appellant.[5] Consistent with its requirement that appellate courts address only those rulings that "may affect the proceedings below," OCGA § 5-6-34 (d) expressly provides that "[n]othing in this subsection shall require the appellate court to pass upon questions which are rendered moot." "The general rule is that appellate courts do not consider moot questions. Mootness is a question of court policy based on the theory that courts do not give opinions on abstract propositions of law that do not involve an actual controversy between parties." *Hopkins v. Hamby Corp.*, 273 Ga. 19, 19 (538 SE2d 37) (2000) (citations omitted).

Upon remand, the juvenile court is directed to clarify the current status of appellant's legitimation petition, as well as his case plan with respect to the child, and

---

[4] The October 14, 2021 order does not mention the status of the appellant's legitimation petition.

[5] Although the appellant filed amended notices of appeal on October 8, 2021, and January 31, 2022, the appellant reiterated that he was appealing from the juvenile court's June 28, 2021 order changing his case plan from reunification to non-reunification, with no mention of the October 14, 2021 order.

hold a hearing if required. Upon such determination, the juvenile court should enter a further order, and any party is free to file a notice of appeal within 30 days of that order.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* __08/02/2022__

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____ *, Clerk.*